Dunshee *v.* Parmelee, Adm'r.

ALLEN DUNSHEE *v.* HARVEY PARMELEE, Administrator of EDWARD DUNSHEE.

[IN CHANCERY.]

Where, upon the hearing before the chancellor on a bill of foreclosure, the mortgage described in the bill was not produced by the orator, but the defendant admitted its existence and original validity, and the case proceeded as though it had been produced, the defendant was not allowed, upon the hearing on appeal in this court, to raise any objection on account of the absence of the mortgage, as a ground for reversing the decree.

Where the note secured by a mortgage is paid in part, and a new note is given for the balance, and the parties agree that the new note shall be substituted in place of the mortgage note, the mortgage will still stand as security for the payment of the latter note.

In this case the mode, adopted by the master for computing the interest upon the mortgage note, was one long in use, but was objected to, on the hearing on appeal; but the question not having been argued, the court declined to consider it.

Dunshee *v.* Parmelee, Adm'r.

APPEAL from the court of chancery. This was a bill of foreclosure, in which the orator alleged, that on the fifteenth day of June, 1835, the intestate, Edward Dunshee, executed to him a promissory note for five hundred dollars, which was secured by a mortgage of certain premises; that payments were made upon this note from time to time, and subsequently a new note, dated June 15, 1838, was given for the balance remaining due upon the first note, being $393,00; and that it was agreed between them, that the new note should be substituted for the former note, and that the mortgage should stand as security for it, until it should be paid. The administrator answered, denying all knowledge in reference to the matters alleged in the bill. The answer was traversed, and testimony was taken,—the substance of which sufficiently appears in the opinion of the court.

The court of chancery,—BENNETT, Ch.,—referred the case to a master to ascertain and report the sum due in equity; and the master made his report, computing interest upon the principal from the date of the note to the time of decree, and interest upon each year's interest on the principal from the expiration of the year to the time of decree. The defendant was ordered to pay the amount, thus ascertained, by a time specified, or be foreclosed of all equity of redemption in the premises. Appeal by defendant.

*Linsley* and *Wicker,* for orator, cited *Davis* v. *Maynard,* 9 Mass. 242; *Cary* v. *Prentiss,* 7 Mass. 63; *Dana* v. *Binney,* 7 Vt. 493; 15 Johns. 555, 567.

*H. Needham* and *Asahel Peck* for defendant.

The opinion of the court was delivered by

HALL, J. After the case had been opened in this court in behalf of the plaintiff and also argued by the counsel for the defendant, in regard to the effect of the testimony to connect the new note with the first note and with the mortgage, it was, in conclusion, made a ground of defence, that there was no proof of the existence of the mortgage described in the bill; and on examination of the papers no such proof was found. It was within the recollection of the chancellor who made the decree, that at the hearing below the mortgage

was treated as being in the case, and as having been a valid mortgage to secure the old note ; and such was admitted by the defendant's counsel to have been the case. He, however, insisted on his right to make the objection now, though he had neglected to make it then.

This court, in matters of chancery, sits as an appellate court, and can receive no testimony but such as comes up from the chancellor with the appeal. If we are to consider there is no such mortgage as that described in the bill, the decree of foreclosure must be reversed ; for the plaintiff's claim to the decree is based on the mortgage. What is to be the effect, upon the hearing in this court, of the admission of the existence and original validity of the mortgage, on the hearing before the chancellor ?

The statute, which allows appeals from the court of chancery,—Rev. St., c. 24, sec. 20,—provides, that the supreme court "shall examine all errors that shall be assigned or found" in the decree of the chancellor, and shall affirm, reverse, or alter, such decree, as justice shall require. The whole decree of the chancellor is appealed from, and all the pleadings and testimony in the case are sent up,—not, however, for the purpose of bringing the case here as an original case, but to enable this court to see if the chancellor has committed any error in making the decree. From the papers alone the decree appears to be wrong ; but it having been conceded before him that the plaintiff holds the mortgage described in the bill, and that it was valid to secure the old note, it is manifest the decree was right,—unless there be error after the mortgage is allowed to form a part of the case. If the objection now taken had been made before the chancellor, the plaintiff might have had an opportunity to obviate it ; and would undoubtedly have been permitted, on some terms, either to file his mortgage as evidence on the hearing, or to have the hearing postponed, to enable him to make proof of it. But this court can give him no such opportunity ; and if this new objection, now for the first time made, is to be allowed, it is obvious that a final decree must be directed against the plaintiff, without our finding any error in the decree of the chancellor,—and upon a point not in controversy before him, and in all probability not at all involving the real merits of the case.

In the state of New York the court of errors has appellate jurisdiction in chancery under a statute similar to ours. It is there a

rule, that an objection, which a party, by his silence in the court below, may be deemed to have waived, and which, when waived, would leave the merits of the cause to rest with the decree, shall not be taken in the appellate court; and that no point, or question, which, had it been raised in the court below, might have been obviated by amendment, or proof, can be raised in the court above. But the rule does not apply to objections, which neither amendment or proof could have obviated. *Palmer* v. *Lorillard*, 16 Johns. 348. *Beekman* v. *Frost*, 18 Johns. 544. *Waller* v. *Harris*, 20 Wend. 555. This rule of the court of errors is spoken of with approbation, and as applicable to the proceedings of this court, by Ch. Justice WILLIAMS, in *Mott* v. *Harington*, 15 Vt. 194 ; and indeed, it seems a necessary rule, as well to preserve the distinct appellate jurisdiction of this court, as to promote the fair and due administration of justice.

In the present case, the existence and original validity of the mortgage having been admitted in the court below, we think the defendant cannot now be permitted to object to its absence from the papers in the case, as a ground for reversing the decree.

Considering the mortgage as admitted, the testimony in the case appears satisfactory, to show a part payment of the original note by the intestate, the giving of the three hundred and ninety three dollar note for the balance, and the substitution of the latter note, by the agreement of the parties, for the original mortgage note. This makes the case identical with that of *Dana* v. *Binney*, 7 Vt. 493 , where it was held, that the substitution of a new note for a portion of the mortgage debt was not such a payment of the debt, as to be a fulfilment of the condition of the mortgage.

An objection is made by the counsel for the defendant to the mode, adopted by the master, of computing the interest on the mortgage debt. The objection, though stated, was not argued ; and we do not feel called upon, without arguments, to consider the question, —the rule adopted being one which is understood to have been long in use.

The result is, that no error is found in the decree of the chancellor, and that the papers are to be remitted to him, with directions to carry the decree into effect.