SLEEPER AND KIMBALL v. CROKER.*

[IN CHANCERY.]

*Chancery. Remedy at Law.*

Where a party is unjustly deprived of his day in court before a justice by reason of fraud, accident, or mistake, c. 38 of the Gen. Sts. generally affords adequate remedy, and renders resort to chancery unnecessary.

APPEAL from the Court of Chancery. The bill alleged that on the 3d of March, 1873, defendant rendered his account of $87.98 against Sleeper for services as his attorney, and informed Sleeper by letter that he would discount $17 for immediate payment; that Sleeper endeavored to raise the money, and hoped the defendant would wait on him thirty days; that on the 18th of said March, defendant commenced a suit against Sleeper before a justice that he discontinued, and on the 20th of March commenced another suit returnable April 12th, wherein he summoned Kimball as trustee; that on April 7th, Sleeper asked defendant by letter, how much he would take and discharge the suit, and have his money in ten or fifteen days; that on the 9th of April defendant replied by a letter that Sleeper received late in the evening of the 11th, that he would settle for $75, and that Sleeper would save further costs by sending the money; that there was not sufficient time after receiving said last-mentioned letter, for Sleeper to send the $75 before the return day of said suit, and that Sleeper supposed the suit would be continued long

*Decided at the August Term, 1874.

2

enough for the defendant to learn whether his offer was accepted, and that on Monday, the 14th of April, Sleeper sent defendant the $75 by express, pursuant to defendant's offer ; that the petitioners, relying upon defendant's offer, did not appear on the 12th, and were defaulted, and judgment rendered against them for $120 ; that defendant received the $75, and retained it, but not in full settlement ; that defendant had taken out execution against Kimball, and placed it in the hands of an officer for collection, who had taken and was about to sell property to satisfy the same ; that Kimball had no rights or credits of Sleeper in his hands at the time he was trusteed, and should have appeared and defended said suit but for defendant's offer and its acceptance by Sleeper.

*Prayer*, that said judgment be set aside, and the defendant decreed to take the $75 in full payment of his claim, and be enjoined from collecting said execution.

Demurrer for want of equity. At the March Term, 1874, demurrer overruled, and decree for orators. Appeal by defendant.

*J. P. Lamson*, for the orators.

*Field & Tyler*, for the defendant.

PECK, J. delivered the opinion of the court.

As this case comes to this court by appeal from the decision of the Court of Chancery upon demurrer, the whole case appears upon the face of the petition. The court has not considered the merits of the petition or complaint, further than to determine whether its character is such as to be cognizable in a court of chancery. We think a court of chancery is not the appropriate tribunal to redress the grievance complained of. A case must be a very extraordinary one, to justify a court of chancery in interfering to correct an alleged irregularity of this character in a judgment at law, and thereby drawing the case into chancery, especially where a court of law can grant the appropriate relief. If the petitioners have a ground for relief, the appropriate remedy would be to vacate the judgment, and allow the defendant and trustee

in that suit, a trial, where they could avail themselves of all the defences that would be proper for a court of chancery to recognize. Under Gen. Sts. c. 38, *Of New Trials,* the County Court has power, on petition, in cases of judgment rendered by justices of the peace upon default, where the defendant or any trustee therein has been unjustly deprived of his day in court by fraud, accident, or mistake, or unjustly deprived of a hearing in the assessment of damages in such action, or prevented from entering an appeal from the judgment of a justice by fraud, accident, or mistake, to reverse and set aside the judgment on such terms and conditions as such court shall judge reasonable, and hear and determine such action in the same manner as if brought to such court by appeal ; and a judge of such court has power to stay all proceedings on such judgment until final decision on such petition. This is a remedial statute, and ought to be liberally expounded and administered ; more especially as justice courts have no stated regular continued sessions, like the higher courts where counsel are in general attendance, affording time and opportunity for parties, on motion, to procure improper entries of judgment to be corrected during the term. There is no reason why a court of law should not grant relief in cases of this kind wherever a court of equity, if it had' jurisdiction of such cases, would be warranted in granting such relief. But where, as in this case, and in cases in general of this class, the appropriate relief is that given by the statute aforesaid on petition to a court of law, there is no necessity or warrant for resorting to a court of equity. If a case arises in which the mischief done cannot be remedied by a court of law, and the relief the party aggrieved is entitled to is peculiarly of equity jurisdiction, a court of equity may interfere. This case is not of that character. The demurrer is sustained on the ground that if the complainants are entitled to relief, the remedy at law is adequate and complete, both as to final relief, and as to stay of proceedings on the judgment pending the petition ; and the decree of the Court of Chancery overruling the demurrer, is reversed, and defendant to have decree that the bill, or petition as it is called, be dismissed with costs, and cause remanded, with mandate to that court to enter decree accordingly.