Hon. TIMOTHY P. REDFIELD,⎫
Hon. JONATHAN ROSS, ⎬ Assistant Judges.
Hon. WHEELOCK G. VEAZEY,⎭

---

### JEREMIAH CENTER *v.* HIRAM T. HOAG.*

#### [ In Chancery. ]

#### *Injunction. Damages.*

Damages recoverable for injuries, &c., occasioned by an injunction obtained and continued in good faith, in the prosecution of an honestly asserted right, are such only as result from injuries, &c., received while defendant is in the exercise of ordinary care and prudence with respect thereto; and this rule applies to costs as well as to other elements of damage. Thus, under the circumstances of this case, *q. v.*, it was *held* that defendant, who had been enjoined from removing a house, could not recover damages for depreciation in the value of the house to him during the pendency of the injunction, nor for the expense of fitting up another place to live in while building a new house, nor for costs above taxable costs incurred in contesting the suit in which the injunction was issued, in the absence of a finding that they would not have occurred in establishing defendant's right to the house, if no injunction had been issued.

---

*Heard at the January Term, 1878.

51

APPEAL from the Court of Chancery.

The orator made claim to a house which the defendant was on the point of removing, and filed a bill to enforce it, praying that the defendant be enjoined from making the contemplated removal. The condition of the bond was for the payment of " all costs and damages " that the defendant might sustain by reason of the granting and continuance of the injunction. Injunction was issued. On its dissolution, the bill having been dismissed with costs, question arose as to the damage sustained by the defendant by reason of its having been issued, and was referred to a master for ascertainment. The master found that at the time the injunction was served, the defendant had expended $10 in preparations to remove the house ; that after the injunction was served he necessarily expended $67.38 in fixing a shed, that he might have a place to live in while building a new honse, which the defendant claimed he would not have built had he not been enjoined from removing the old one ; that the difference between the value of the house for purposes of removal, and its value after dissolution of the injunction was $312 ; that the orator expended for counsel fees and expenses in defending the suit brought by the orator, $188 in excess of what he had received on an execution issued against the orator ; and that the defendant should recover $577.38, the amount of those sums—subject to the opinion of the chancellor as to whether those items were properly recoverable on the bond. The master also found that the use of the house during the pendency of the injunction was $65.72, and that the house was not materially damaged by remaining in the condition it was in at the time the injunction was issued from that time to the dissolution of the injunction. The orator filed exceptions to the report. The court, ROYCE, Chancellor, ordered that the defendant recover as damages the item of $10, with $2.02 interest thereon, the item of $65.72, with $2.96 interest thereon, or in all the sum of $80.70, and $38.12, costs of the reference, and that the other items be disallowed.

Appeal by the defendant.

*H. S. Royce*, for the orator.

The damages must be the natural and proximate consequence of the injunction. Sedgw. Dam. 459, note ; *Lowery* v. *Western Union Telegraph Co.* 60 N. Y. 198 ; *Warner* v. *Bacon*, 8 Gray, 397, 408 ; *Sibley* v. *Hoar*, 4 Gray, 222 ; *Billings* v. *Billings*, 10 Cush. 177.

Counsel fees are not allowable. *Disbrow* v. *Garcia*, 52 N. Y. 654 ; *Sturgis* v. *Knapp*, 33 Vt. 486, 527, 528, and cases *passim*.

The claim of $10 for money expended in preparing to remove the house, cannot be allowed. *Sturgis* v. *Knapp*, *supra ;* Sedgw Dam. 458, note.

———— ————, for the defendant.

No questions arise except as to the item for decrease in value of the house, and the item for counsel fees, &c. The language of the bond is peculiar. The first item should be allowed. *Edwards* v. *Edwards*, 31 Ill. 474 ; *Mysenburg* v. *Schleiper*, 48 Mo. 462. The second item should also be allowed. *Sturgis* v. *Knapp*, 33 Vt. 486 ; *Aldrich* v. *Reynolds*, 1 Barb. Ch. 613 ; *Andrews* v. *Glenville Woolen Co.* 50 N. Y. 282 ; *Derry Bank* v. *Heath*, 45 N. H. 524 ; *Behrens* v. *McKinney*, 23 Iowa, 333 ; *Ah Thaie* v. *Quan Wan*, 3 Cal. 216 ; *Prader* v. *Grim*, 13 Cal. 585 ; *Ryan* v. *Anderson*, 25 Ill. 372 ; *Brown* v. *Jones*, 5 Nev. 374 ; *Pargoud* v. *Morgan*, 2 La. 100, and cases *passim*.

The master in effect finds that the expenditures on the shed would not have been made but for the injunction.

The master having mistaken neither the law nor the evidence, his finding should be held conclusive. *Rowan* v. *State Bank*, 45 Vt. 160, 195, and other cases.

The opinion of the court was delivered by

Ross, J. The questions now before this court in this case arise on the assessment of the damages occasioned to the defendant by the injunction. The damages which a defendant is entitled to recover in such cases, are such as necessarily result to him from the injunction. They are not on the one hand necessarily limited to the benefit which the orator has derived from the injunction, nor,

on the other hand, extended to all which the defendant has im-
providently or imprudently expended because of the injunction.
The defendant, when enjoined from exercising what eventually is
established to be his right, must conduct himself with prudence,
and in such a manner as to receive as little damage as the circum-
stances will admit of, in the exercise of ordinary care and pru-
dence. *Sturgis* v. *Knapp*, 33 Vt. 486 ; *Edwards* v. *Edwards*,
31 Ill. 474 ; *Mysenburg* v. *Schleiper*, 48 Mo. 462. This is the
rule where the injunction is applied for, obtained, and continued
in good faith, in the assertion of an honestly claimed right.    It
applies to cost as well as other damages.    Doubtless the court
might be warranted in awarding greater damages, and sufficient
to make the defendant whole, if the injunction was obtained and
used *mala fides,* and for the purposes of oppression.    Applying
these principles to the facts reported, no error is apparent in the
decree of the Court of Chancery.    The $10 which the defendant
had expended in preparing to move the house, were rendered un-
available, and lost to him by reason of the injunction.    It is not
found that the injunction rendered it necessary for the defendant
to build the new house, and for that reason, he found himself so
circumstanced when the injunction was dissolved that the old
house was worth less to him than it was when the injunction was
granted.    It cannot be presumed that the injunction rendered the
building of the new house a necessity, or such an expenditure as
common prudence would have dictated.

The expenditure for fitting up the shed to live in, is stated to
have been necessary only for building the new house, and falls
with that item.    While the rental value of the house, pending the
injunction, the removal of which was enjoined, may not have been
all the damages which necessarily resulted to the defendant from
the injunction, it is an element of such damages, and all which
the facts reported disclose.

The defendant's costs in the original suit above the taxable
costs were not the necessary result of the injunction.    There is
nothing disclosed in the master's report which shows they would
not have all accrued in establishing the defendant's right to the
house against the asserted right of the orator, if the injunction

had never been granted. In this respect they are identical in principle with the costs in the main controversy disallowed in *Sturgis* v. *Knapp*, *supra*. The costs on the hearing before the master were the direct result of the injunction. No such costs would have been occasioned the defendant in establishing his right to the house, if it had not been for the injunction.

*Decree affirmed, and cause remanded.*