B. S. HASTINGS AND QUINTON COOK v. H. C. BELDEN, H. C. IDE AND A. J. HYDE.

[IN CHANCERY.]

*Attorneys. Misjoinder of Parties. Statute of Limitation not a Meritorious Defence. Demurrer.*

1. When a demurrer, alleging several causes, is sustained in some and overruled in others, a new cause may be assigned *ore tenus;* thus, when want of equity and a misjoinder of one party are alleged, the misjoinder of other parties may be assigned orally.
2. In a bill in equity to enjoin the prosecution of an action brought on a promissory note, the defendants, B and I., were the attorneys in said action for defendant, H., and were joined with him in this bill. *Held,* a misjoinder, as there was no claim that the *attorneys acted fraudulently.*

18

3. But the bill is not demurrable on the ground that it appears that the orators had a defence at law; namely, the Statute of Limitations, as it is not a meritorious defence.

4. The prayer of a bill to enjoin the collection of a note should be *to reform the note* according to the agreement of the parties, where the action has been brought against the signers personally, and the claim is that they acted as agents of a religious organization. The bill shou'd have contained a direct allegation that the orators were liable upon the note.

5 Objection to the joinder of a party with no interest can be made only by such party, and not by one joined with him.

6. When a bill does not merely refer to but makes a certain writ a part of the bill itself, the writ will be used in aid of a defective statement.

BILL in chancery. Heard on special demurrer, June Term, 1882, Caledonia County. Ross, Chancellor, dismissed the bill.

The bill alleged that the orators, during the year 1874, were the trustees of the "Second Universalist Society of St. Johnsbury, Vt.," a religious organization duly formed and existing under the laws ; that, as such trustees they were duly authorized to transact most of the business for said society, to borrow and expend money for the benefit and use of said society, and to execute for and in behalf of said society notes or other obligations for money so borrowed ; that on the second day of June, 1874, the said society borrowed of the defendant, A. J. Hyde, $315 ; that the orators, as such agents or trustees of said society, made and executed a promissory note for said sum to said defendant Hyde, payable on demand, which note the said orators intended to execute in such a way as to bind the society aforesaid, but not to bind themselves, or either of them, individually ; that said defendant Hyde took and accepted said note as the note of the said society and not as the note of the orators, or either of them ; that Hyde intended to take and accept said note as that of the said society, as aforesaid. The orators say that said note is in the hands of the said Hyde, or of his attorneys, of record and in fact, viz. : the defendants, Henry C. Belden and Henry C. Ide, partners in business under the firm name and style of Belden & Ide, and the orators cannot give an exact copy of said note, but they ask the defendants to give an exact copy of said note in their answer ; that said loan was made by said Hyde solely upon the credit of the said society and not upon the credit of said orators, or either of them ; and the money so borrowed of said Hyde was used and expended by the said society for its own benefit and use, of all which defendant Hyde had full knowledge ; that from the date of said loan up to the time of the grievances hereinafter set forth, the said Hyde treated said loan as made to the society and not as made to the orators, or either of them ; and interest has been paid, as the orators are informed and believe, upon said loan to said Hyde, or to his agent ; that at the time said money was loaned by said Hyde to said society, as aforesaid, said society was financially responsible, and it continued to remain so up to about 1879, when it became heavily involved, and is now practically insolvent ; that they were not informed until a short time before the commencement of a suit at law against them (the orators), as hereinafter set forth, that said Hyde purposed or intended to hold them, or either of them, responsible for said loan.

On or about the 7th day of May, A. D. 1881, the defendant Hyde, through his co-defendants Belden & Ide, sued out of the clerk's office of said Caledonia County, a writ of attachment founded solely, as the orators are informed and believe, upon said note of June 2, 1874, for $315, against these orators, and returnable at June Term, 1881, Caledonia County Court. And the defendant Hyde and his said counsel now assert that the orators are personally liable upon the ground that the note was signed in such a way as to make it, in law, the note of the orators and not that of the said society, and that the orators cannot make a valid defence. L. C. Woodbury declines to join with your orators for reasons best known to him.

The prayer of the bill was that the defendants " be perpetually enjoined from prosecuting said suit at law, founded upon said note of June 2, 1874, for $315, against the orators, or either of them, as individuals; that a decree be entered that said note shall hereafter be treated as the parties thereto originally intended it should be treated, viz,: as the note of said society and not of the orators, or either of them ; and that your orators may have such further and other relief as the nature of their case may require and to this honorable court may seem meet."

The other facts are stated in the opinion·

*Bates & May*, for the orators.

The note binds the signers. Wharton Agency, s. 290; Story Agency, 155 ; Edwards Notes & Bills, p. 83 ; Tucker Mfg. Co. v. Fairbanks, 98 Mass. 104. But see *Roberts* v. *Button*, 14 Vt. 195 ; *Lyman* v. *Sherwood*, 20 Vt. 42. If the orators cannot make this defence in the action at law, we assert the defendant Hyde should be compelled to treat the note just as he contracted to treat it when he loaned the money. *Adams* v. *Smilie*, 50 Vt. 1; *Pro. Court* v. *May*, 52 Vt. 182 ; *Rutland* v. *Page*, 24 Vt. 181 ; *Dickey* v. *Corliss*, 41 Vt. 127.

The note has been treated as that of the society from its date up to the bringing of the action at law. The defendants should be enjoined from prosecuting this writ at law against the orators. *Wheeler* v. *Willard*, 44 Vt. 640 ; 51 Vt. 203, and 52 Vt. 20.

*Belden & Ide*, for the defendants.

The demurrer should be sustained as to Belden & Ide, as no *fraud is claimed* against them. 1 Dan. Ch. Pl. & Pr. 299. There is a want of equity. The orators, so far as appears, had a defence at law, namely, the Statute of Limitations. *May* v.

*Parker*, 12 Pick. 36 ; *Stephenson* v. *Davis*, 56 Me. 74 ; Story Eq. s. 49, n. ; 2 Paige, 177.

The opinion of the court was delivered by

TAFT, J. The defendants, Hyde, Belden and Ide, have demurred to the bill, setting forth as causes: first, want of equity ; second, that the orators can have full relief at law ; third, that Woodbury is not a proper party defendant.

I. Under the first cause, the defendants can *ore tenus*, assign as error, any defect in substance. Cooper Eq. Pl. 118 ; and they claim that the attorneys, Belden and Ide, are not proper parties. We understand the rule to be that attorneys can only be made parties to a suit in equity in cases where they have so involved themselves in fraud, that a court of equity, although it can give no other relief against them, will order them to pay the costs ; and that if an attorney is made a party, the bill must pray that he pay the costs, otherwise a demurrer will lie. 1 Dan. Ch. Pl. & Pr. 299 ; Story Eq. Pl. s. 232. There may be other cases where it would be proper to make them parties, as where they hold deeds, notes, or securities, claiming them adversely to the interests of their clients, and refuse to surrender them. There are no allegations in this bill that Belden and Ide are acting fraudulently, or in any way save as the attorneys who brought the suit sought to be enjoined. A decree against Hyde will afford the orators complete relief. Belden and Ide therefore are not proper parties to the bill, and should be dismissed.

II. The defendants insist that it appears by the bill that the orators have a defence in the suit at law, viz., the Statute of Limitations. We do not think a party should be compelled to plead that statute. It is not a meritorious defence ; and it does not appear that the orators desire to avail themselves of it, and until it does we think the point is not well taken.

III. This bill should have been drawn with a direct allegation that the orators were personally liable upon the note. In this respect it is defective. No copy of the note is given, so that the court

cannot determine the question. There are no averments in the bill of how the parties understood the contract, only allegations of the evidence upon that point, viz., of what the parties intended to do, not what they did do; of what the claims of Hyde now are, not whether the facts claimed by him are true. The prayer is not to reform the note, and make it accord with the intent of the parties at the time of its execution; but the relief asked is, that said note should thereafter be treated as the parties thereto originally intended it should be treated, viz., as the note of said society and not of the orators, or either of them; in other words, we are asked to treat the contract as different from what it is. The court have no power to do this. The prayer should have been to reform the instrument conforming it with what was actually agreed upon by the parties.

IV. The third cause assigned is, that Woodbury is improperly joined. There is no allegation that he signed the note in question, but the writ is made a part of the bill, and that showed that he was sued with the orators, and contains an allegation that he signed the note, and the orators alleged that he refused to join with them in the bill. If the writ had been simply referred to, it might not have aided a defective statement in the bill, but it is made a part of the bill, and the allegation in it, that Woodbury did sign it, is sufficient. Woodbury has appeared, but makes no objection to being joined in the suit. The demurrants cannot avail themselves of this objection if it were a tenable one. The objection made by them is, that Woodbury has no interest in the matter,—the joinder of a party with no interest, not a misjoinder of causes of action. Woodbury only can make the objection. Story Eq. Pl. ss. 237, 525, 544. The decree of the Court of Chancery should be affirmed; but on motion of the orators, it is reversed *pro forma*, and cause remanded as per mandate.