ELISHA LILLIE AND OTHERS *v.* E. T. LILLIE AND OTHERS.

1*Action on Injunction Bond. Damages. Report. Exception. Action on Sealed Bond.*

. The plaintiff having a life estate, the defendant a reversionary interest, in certain woodlands, the latter procured the former to be enjoined by injunction "from cutting down any timber, trees, or wood, standing or growing upon the premises, . . . or in any way disposing of the same (except what may be cut in a husbandlike manner for firewood and timber for fencing and ordinary repairs upon the premises)" and from committing waste or spoil. In an action on the bond, *held*, that the plaintiff was not merely restrained from committing waste ; that he was prohibited from cutting timber for any purpose save those noted in the exception, although it would not be in violation of the rules of good husbandry ; and that he was entitled to such damage as he may have suffered in not cutting such wood as he had a right to cut.

2. Either the report, or the exceptions thereto, must show that the rule adopted for computing the damages was not the true one, or the judgment below will not be reversed.

3. The bond was sealed; therefore, the action was properly brought in the names of the obligees, whether jointly entitled to the damages or not.

4. After several years the injunction was modified to *such cutting as did not constitute waste;* but the plaintiffs forbore cutting for fear of violating the order. No damages after the modification could be allowed.

5. The taxable costs, disbursements, and counsel fees, in the main suit,—not the direct result of the injunction,—are not recoverable.

ACTION on injunction bond. Heard on referee's report, December Term, 1881, POWERS, J., presiding. Judgment for the plaintiff to recover $139.36,—the sum first named, and disallowing all other sums. The bond was:

"Know all men by these presents that we Elhanan T. Lillie, Horatio Lillie . . . are held and firmly bound unto" (plaintiffs) . . . "we hereby bind ourselves . . . The condition of this obligation is such that whereas . . . Now if the said ―――― the orators shall well and truly pay and indemnify the said defendants from all damages occasioned them by the granting of such injunction . . . and all such costs as may be awarded against them," &c.

Elisha Lillie, the orator, had a life interest in a farm in Randolph, consisting of one hundred and fifty acres. About sixty acres of this was woodland. It appeared that it was covered with an old growth of timber, some of which was decaying; and that the plaintiff had been in the habit for many years of cutting out and selling some twenty cords each year. The other facts are stated in the opinion; and, substantially, the injunction.

*Perrin & McWain,* for the defendants.

The injunction was only against the commission of waste. If the plaintiff was restrained, the wood is there now; and the rule of damages is the difference between what it was worth *before,* and *after,* the injunction. *Derry Bank* v. *Heath,* 45 N. H. 524; Sedgw. 489, 693, n. 2; *Cummings* v. *Mudge,* 94 Ill. 186. The taxable cost and counsel fees are not recoverable. *Hall* v. *Corking,* 9 Pick. 404; *Probate Ct.* v. *Mathews,* 6 Vt. 269; 4 Taunt. 592; Story Con. 644, 678; 1 Term, 161; *State Tr.* v. *Mann,* 34 Vt. 372; *Sturgis* v. *Knapp,* 33 Vt. 486; 52 Vt. 401; 11 W. Va. 276; 1 D. Chip. 46; 10 Cush. 177; *Danforth* v. *Pratt,* 9 Cush. 318.

*N. L. Boyden*, for the plaintiffs.

The damage on the wood was properly allowed. Cutting wood by a tenant for life is not necessarily waste. *Keeler* v. *Eastman*, 11 Vt. 293 ; 45 N. H. 524. The damage caused through fear of violating the injunction should have been allowed. Kerr Inj. 693 ; *House* v. *Willard*, 41 Vt. 654 ; *Stimson* v. *Putnam*, 41 Vt. 238. Also, the costs and counsel fees. *Edwards* v. *Bodine*, 11 Paige, 224 ; *Corcoran* v. *Judson*, 24 N. Y. 106 ; *McRae* v. *Brown*, 12 La. Ann. 181 ; 3 Cal. 216 ; 44 Ind. 393 ; 48 Me. 307 ; 25 Ill. 372 ; 83 Ill. 136. The suit is properly brought in the names of the obligees. 28 Cal. 539.

The opinion of the court was delivered by

TAFT, J. This is an action of debt to recover damages upon an injunction bond. The bond was given in an equity suit in favor of the defendants against the plaintiffs to restrain them from cutting wood and timber upon the premises described in the bill. The plaintiff, Elisha Lillie, held a life estate in the land, and the other plaintiffs and the defendants held the reversionary interest therein. The plaintiffs were restrained from cutting down any timber, trees or wood, standing or growing upon the premises, or in any way disposing of the same (except what might be cut in a husbandlike manner for firewood, and timber for fencing and ordinary repairs upon the premises), and from cutting down for sale any saplings or green trees or other growing timber and wood, and from committing any waste or spoil whatever.

I. The defendants contend that Elisha Lillie was restrained from nothing but the commission of waste ; but we think the injunction prohibited the cutting of wood and timber for any purpose save those named in the exception above noted. He could not cut any wood or timber not included in the exception, although such cutting would not be in violation of any of the rules of good husbandry or cause any damage to the reversionary estate. He is, therefore, entitled to such damages as he may have suffered in not cutting such wood as he had a right to cut, but was restrained from cutting by the injunction.

II.   The defendants insist that the referee mistook the rule of damages applicable to the case ; that he estimated them at what the wood was reasonably worth on the stump ; that the wood was standing at the dissolution of the injunction, and could then have been cut.   It is not apparent from the report what rule the referee did adopt.   He reports some of the facts found by him and some of the evidence.   No question is presented by the report in regard to the matter ;  no objection  appears to have been made to the evidence, and no exception was taken to the report.   The referee reports that : " The plaintiffs were damaged by being deprived from cutting what wood they might have cut from said land and what they would have cut had said injunction not been placed upon them."   To justify us in reversing the case on this point, the rule adopted by the referee should have been shown by the exceptions, and that it was not the true rule.

III.   The defendants claim that no recovery can be had in the names of the plaintiffs, upon the ground that they are not jointly entitled to the damages.   The bond in question is a sealed instrument ;  and the general common-law rule is, that actions thereon must be brought in the name of the obligees, even in those cases where the conditions are expressed to be for the benefit of third persons.   Actions of debt upon specialties are strictly legal actions brought to enforce legal rights.   The legal estate in a specialty is in the party with whom it is made, and whoever is in interest under it may maintain an action for his benefit in the name of the party to it under whom such interest is claimed.   In *Bird et al.* v. *Washburn et al.*, 10 Pick. 223, it was held that debt upon a bond executed to the plaintiffs to secure them in becoming bail for a prisoner, might be maintained by them as joint plaintiffs for the benefit of the one who had been obliged to pay.   We construe the bond in question as joint, and think the action properly brought in the names of the obligees.

IV.   The chancellor modified the injunction in 1874, and the plaintiffs thereafter were not restrained from cutting wood and timber unless such cutting would constitute waste ;  but they for

bore cutting and selling for fear they might violate it. Whatever their belief may have been, they are entitled to no damages for not doing what the injunction permitted them to do.

V. The plaintiffs claim to recover the taxable costs, disbursements and counsel fees in the suit in which the injunction was granted. The bond requires the obligors to pay all damages occasioned by the granting of the injunction, and all such costs as may be awarded against them. We do not think this refers to the costs in the main suit, but to those accruing in consequence of the injunction as a direct result of it; such as the cost of the dissolution, if one was moved for and granted. This is the reasonable construction to be given the terms of the bond. All damages which accrue as the direct result of the injunction are recoverable. We do not say but that counsel fees, costs and disbursements may be included in such damages, but they must be such as result from granting the injunction; it is not necessary, however, to decide this question as none of the costs, disbursements, and counsel fees which the plaintiffs claim to recover, were incurred in consequence of granting the injunction, but were the legitimate expenses of defending the suit upon its merits, and cannot be regarded in any sense as damages occasioned by the injunction. That such items cannot be recovered has been decided in this State. *Sturgis et al.* v. *Knapp et al.*, 33 Vt. 486.

The exceptions of both parties are overruled, and judgment is affirmed.