BARRE WATER CO.

v.

WM. M. CARNES ET AL.

OCTOBER TERM, 1895.

1.  Counsel fees incurred in the supreme  court are not in general
    allowable as injunction damages, when the real thing liti-
    gated is a right for the protection of which injunction is
    sought as a remedy.

2.  *Held*, that upon the facts in the case, the decree below being
    *pro forma* and a modification of the injunction having been
    agreed upon by the parties, the defendant was not com-
    pelled to go to a trial upon the merits to obtain a dissolu-
    tion of the injunction, and that counsel fees should not be
    allowed as injunction damages.

Assessment of damages upon injunction bond.   Heard

upon the report of a master at the March term, 1893, Washington county. START, chancellor, decreed for the defendants. Both parties appeal.

The defendants claimed to recover in respect to nine items. No question was made in supreme court as to the disposition of the first eight. The ninth was for counsel fees and as to it the master reported as follows:

"The orator claimed in regard to this item that the counsel fees and expenses charged under this head were not proper damages arising under the injunction bond, excepting such part of them as were incurred in procuring the dissolution of the injunction. On the other hand, the defendants claimed that inasmuch as the only relief asked for in the orator's bill was an injunction, that they were entitled to all such fees and expenses charged.

"I find in regard to this item that all of the services and expenses charged were rendered and expended in the defense of this bill, and that the prices charged are reasonable and that they have been paid and discharged by the defendants. I also find that the only relief sought by the orator in its bill was an injunction restraining the defendants from interfering with this water in any manner, and that the supreme court having held that the injunction order was improperly granted and that the orator was not entitled to to the same, the defendant is entitled to recover the whole of this item as the entire cost and expense of the preparation of this case for trial was necessary to get rid of the injunction. I therefore find, subject to the opinion of the court, upon the facts found and reported, for the defendants to recover the sum of $187.50 under this item; but if, in the opinion of the court the defendants are only entitled to recover such counsel fees and expenses as were incurred by the defendant in procuring the dissolution of the injunction in the court of chancery and not those incurred in the supreme court, then I find that those counsel fees and expenses amount to $73.00."

The chancellor in his decree disallowed the counsel fees incurred in supreme court.

*R. A. Hoar* and *S. C. Shurtleff* for the defendants.

The defendants were compelled to try the case upon its merits in supreme court to obtain a dissolution of the injunction. Hence their counsel fees therein should be allowed as injunction damages. *Sturgis* v. *Knapp et al.*, 33 Vt. 486; *Lilley* v. *Lilley*, 55 Vt. 470; *Edwards* v. *Bodine*, 11 Paige 224; *Bolling* v. *Tate*, 65 Ala. 417, 424; *Andrews* v. *The McGlenville Woolen Co.*, 50 N. Y. 282; *Solomon* v. *Chuley*, 59 N. H. 24; *Bustaments* v. *Stewart*, 55 Cal. 115; *Porter* v. *Neopleim*, 63 Cal. 53; *Swan* v. *Timmons*, 81 Ind. 243; *Ford* v. *Lewis*, 62 Iowa 586; *Underhill* v. *Spencer*, 25 Kansas 71; *Crouse* v. *Syracuse R. Co.*, 32 Hun 497; *Newton* v. *Russell*, 87 N. Y. 527; *Randall* v. *Carpenter*, 88 N. Y. 293.

*Edward W. Bisbee* and *Geo. W. Wing* for the orator.

The real question tried in the supreme court was the right of the orator to take water from the brook in question. Counsel fees were not allowable as injunction damages. V. S. sec. 961; *Lillie* v. *Lillie*, 55 Vt. 470, 474; *Campbell* v. *Tarbell*, 55 Vt. 455; *Center* v. *Hoag*, 52 Vt. 401; *Sturgis* v. *Knapp*, 33 Vt. 486, 498-500, 527-8; *Sturgis* v. *Knapp*, 31 Vt. 1; *Thurston* v. *Haskell*, 81 Me. 303; *Disbrow* v. *Garcia*, 52 N. Y. 654; *Newton* v. *Russell*, 87 N. Y. 527; *Randall* v. *Carpenter*, 88 N. Y. 293; *Blair* v. *Reading*, 99 Ill. 600, 615; *Bustaments* v. *Stewart*, 55 Cal. 115; High, Injc. 2d ed. sec. 1685; Sedw. Damages, 8th ed. sec. 237; *Oetrich* v. *Spain*, 15 Wall. 211, 230; *Day* v. *Woodworth*, 13 How. 363; *Wood* v. *State*, 66 Md. 61, 68; *Senseinig* v. *Parry*, 113 Pa. St. 115.

ROWELL J.   The court below allowed to the defendants as injunction damages a sum paid to counsel for services on a motion to dissolve a temporary injunction granted in the case.   The injunction was not dissolved, but was modified by agreement of the parties.   The orator claimed a right to

have all the water of a certain brook flow into a certain other brook and thence into its aqueduct, and sought to have its claim established and the defendants perpetually enjoined from taking water from the first-mentioned brook for the purposes proposed by them, namely, for supplying the village of East Barre with water for domestic, sanitary, and fire purposes. The case stood on bill and answer, and in the court below the bill was dismissed *pro forma* and without hearing, and the injunction as modified was continued until the final disposition of the case. The injunction bond is conditioned for the payment of such damages as the defendants might sustain by reason of the injunction if the court should eventually decide that the orator was not equitably entitled thereto. The orator does not now object to the allowance made, but does object to an allowance for counsel fees in the supreme court, where the decree was affirmed. The defendants concede that only such damages as are the direct result of the injunction can be recovered, and that these do not include counsel fees incurred for a trial on the merits, which they say is a trial to ascertain and settle the facts upon which the right of recovery depends, whereas this case was tried on bill and answer; and they insist that it differs from the ordinary case in which a temporary injunction is granted as ancillary to the main remedy sought, in which only counsel fees incident to getting the injunction removed are recoverable when the suit fails, because here the injunction was the main remedy sought, and it having been continued till final decree, and the orator having appealed, they were obliged to come to this court and have a hearing on the main case in order to get rid of the injunction. This is a strong position in some of its features, and addresses itself to us with much force. But it can hardly be said that the injunction was the main remedy sought, as it belongs to the class of injunctions frequently described as for the protection of legal rights and

interests. The main object of the bill was, to establish the right claimed by it, and the injunction was asked for, to protect that right and to secure the orator in the enjoyment of it. In this respect the case is like *Lillie* v. *Lillie*, 55 Vt. 470, in which remainder men sought to restrain the life tenant from cutting wood and timber and committing any waste and spoil, and counsel fees as injunction damages were refused, because incurred in defending the suit on its merits, and not regardable in any sense as damages occasioned by the injunction. A permanent injunction was manifestly the peculiar remedy to protect the right, but it was held, in effect, to be secondary, and not the primary remedy sought.

In *Andrews* v. *The Glenville Woolen Co.* 50 N. Y. 282, in which a permanent injunction was sought, a motion to dissolve was denied, because it involved an inquiry into the merits of the case, which the court thought more proper to be made at the hearing. The defendant was thereupon compelled to go to trial, to obtain a decision that the injunction was improperly granted, in order to recover the damages he had sustained in endeavoring to procure a dissolution, and it was held that a counsel fee for the trial of the suit was allowable. But that case differs from this. Here was a *pro forma* decree made without hearing, which precludes the idea of judicial action based on a consideration of the case, and does not even disqualify from sitting in banc. It is not to be supposed that either party asked for a hearing and was denied, as it was the duty of the court to hear if asked, but it is rather to be inferred that the parties consented to, and were satisfied with, that disposition of the case. If the court had dismissed the bill on hearing, as it should have done, in view of the final result, it does not follow that it would have continued the injunction as it did. And if the parties had not agreed to a modification of the injunction, but had left the motion to dissolve to stand for

the consideration of the chancellor, he might have sustained it, and hence it can not be said that the injunction was kept on foot in spite of the defendants, as it was in the New York case, but the inference is that they were content with it as modified, as they made no further effort to get rid of it except incidentally by defeating the case on its merits. It is therefore manifest that the expense in the supreme court was not incurred solely nor principally by reason of the injunction, but would have been incurred just the same had there been no injunction. The statement of the master that the supreme court having held that the injunction was improperly granted, the defendants are entitled to this expense, "as the entire cost and expense of the preparation of the case for trial were necessary to get rid of the injunction," is not controlling, for if regarded as a finding of fact, it is but an inference from other facts found and not warranted thereby. But we think it intended more as an opinion than a finding of fact.

Let there be no costs in this court, as both parties appealed and neither has prevailed.

*Affirmed and remanded.*