EMILY K. WEED *v.* BERTON A. HUNT.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed January 26, 1904.

*Foreign Judgment—Accident—Mistake—Bill in Equity—De-
murrer—Frivolousness—Remedy at Law—Negation of
Binding—Objection First Taken on Appeal—Available.*

When, in a bill in equity, the amount involved is written out in full, and also indicated by figures with the dollar sign, the objection, on demurrer, that the dollar sign is not in the English language is frivolous. But such pleading is very inartificial and should be avoided.

When, in the answer, the whole bill is demurred to for that the oratrix has an ample remedy at law; and the defendant also demurs orally for want of equity, though it does not appear whether this oral objection was made below, it is available in the Supreme Court, when it supports the decree below, and could not have been obviated if made there.

The Court is bound by the allegation that the oratrix has no remedy at law, which is made in a bill in equity to restrain the enforcement of a foreign judgment, when the defendant, in his answer, demurs to the bill for that the oratrix has an ample remedy at law, although the answer sets forth a statute of the foreign jurisdiction giving the oratrix such remedy.

The defendant sues the oratrix in Connecticut and trusteed an insurance company there which owed her; whereupon, the oratrix sued the insurance company in Vermont; thereupon said company brought a bill of interpleader in Vermont, and obtained an injunction restraining both suits; oratrix's attorney, who had a standing arrangement with the clerk to notify him of all orders filed in his cases, not being informed of the dissolution of said injunction, and supposing it still in force, was not negligent in allowing defendant to take judgment by default against the oratrix in the Connecticut suit.

Such case is one both of accident and mistake; accident, in that the clerk did not notify the attorney; mistake, in that the attorney supposed the injunction was not dissolved.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the March Term, 1902, Washington County, *Stafford*, Chancellor. Decree sustaining the demurrer, and dismissing the bill. The oratrix appealed. The opinion fully states the case.

*T. J. Deavitt* and *Edward H. Deavitt* for the oratrix.

Equity will restrain proceedings at law, even after judgment, whenever, through fraud, mistake, accident, or want of discovery, one party in a suit obtains an unfair advantage over another. Bispham's Eq. § 407; *Norton* v. *Woods*, 5 Paige Ch. 249, 251; *Lord Faulconberg* v. *Peirce*, 1 Ambler, 210; *Lansing* v. *Eddy*, 1 Johns. Ch. 49; *Viele* v. *Hoag*, 24 Vt. 46.

Oratrix's attorney was not negligent. *Cobb* v. *Dyer*, 69 Me. 494, 497.

*Berton A. Hunt, pro se.*

Rowell, C. J.   The defendant sued the oratrix in Connecticut, and garnisheed an insurance company there that owed her.   Then the oratrix sued the insurance company here. Then the company brought a bill of interpleader here against both of them, and obtained an injunction against their prosecuting their suits against the company till further order. Hunt moved to dissolve that injunction, and the company's solicitor, who was also attorney for the oratrix in her suit here and in the Connecticut suit, was present at the hearing. The chancellor held the matter a few days, and then sent in an order dissolving the injunction, which left Hunt at liberty further to prosecute his suit in Connecticut, which he soon did by bringing the case forward for trial, whereof the attorney of said company in Connecticut notified the oratrix's attorney here, who had the charge and management of her side of the case, and he replied, to let Hunt take judgment there if he dare, supposing that the injunction had not been dissolved, as he had received no notice of it from the clerk, with whom he had a standing agreement that he was to be notified of all orders and entries in cases in which he was counsel.   The result was, Hunt took judgment in Connecticut against the oratrix by default, with damages assessed at $1,246.30, and sued out *scire facias* against the garnishee, to recover what it owed the oratrix.   It was not till after all this that the oratrix's attorney found out that the injunction had been dissolved.

The bill is brought for discovery and an accounting in respect of the matters that went into the judgment, and to enjoin the defendant from further prosecuting his suit in Connecticut, and from taking any action on said judgment in any court, the oratrix offering to pay to the defendant all

sums that may be found due him from her in respect of said matters, but denying any liability thereon.

The bill is demurred to in the answer, for that the dollar sign used therein is no part of the English language, and for that the oratrix has an ample remedy at law. The defendant also demurs orally for want of equity, in that the situation complained of is the result of negligence on the part of the oratrix's counsel. It does not appear whether this objection was made below or not; but as it is one that apparently could not have been obviated if made there, as the oratrix seems to have made the most of her case, and is supportive and not subversive of the decree, and there is a cause of demurrer on the record that goes to the whole bill, it can be made here. *Dunshee* v. *Parmelee,* 19 Vt. 172; *Enright* v. *Amsden,* 70 Vt. 183, 40 Atl. 37; *Hastings* v. *Belden,* 55 Vt. 273.

The objection as to the dollar sign is frivolous, for it, and the figures that follow it, may be rejected as surplusage, as the dollars and cents are written out in full. But such pleading is very inartificial, and should be avoided.

The objection that the oratrix has ample remedy at law cannot be sustained, for the bill alleges directly and positively that she has no remedy at law, and we are bound by the allegations, as we cannot take notice of the Connecticut statute recited in the answer, from which it would seem that she had ample remedy at law, though she may have lost it by lapse of time. If the defendant had brought this statute forward by plea, it might have been better.

We think that the oratrix's attorney was not negligent in relying upon the agreement with the clerk to notify him of orders filed in his cases. The case, therefore, is one both of accident and mistake; of accident, in that the clerk did not notify the attorney; of mistake, in that the attorney supposed the injunction was not dissolved when it was. But it is

proper to remark what is said in *Sleeper* v. *Croker,* 48 Vt. 9, that a case must be very extraordinary to justify a court of chancery in interfering to correct an irregularity of this character in a judgment at law, and draw the case into chancery, especially if a court of law can grant appropriate relief.

*Decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*