## LUDWIG v. WALKER.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

JUDGMENT (§ 427*)—VACATION—EQUITABLE RELIEF—CORRECTING ERRORS OF LAW.

Equity will not correct judicial mistakes of fact or law, so that a judgment entered by the Municipal Court, reciting that it was for the "whole amount due defendant on counterclaim," when the whole amount due was in excess of the jurisdiction of the court, will not be modified in an action for that purpose by striking the quoted words from the judgment upon a showing that the judge intended to enter a judgment which would permit defendant to sue in a court of record for the amount in excess of the jurisdiction of the Municipal Court; the mistake resulting from the judge's nonunderstanding of the language used, and not from any clerical error or inadvertence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 807; Dec. Dig. § 427.*]

Appeal from Special Term, New York County.

Action by Jacob E. Ludwig against W. Arthur G. Walker. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 59 Misc. Rep. 62, 111 N. Y. Supp. 1102.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alexander M. Crane, for appellant.
Frederick M. Czaki, for respondent.

MILLER, J. The defendant brought an action in the Municipal Court of the city of New York against the plaintiff to recover the sum of $469.62 for goods sold and delivered. The answer interposed four counterclaims, aggregating $2,255.67. After a trial, the Municipal Court justice rendered judgment in favor of the defendant on his counterclaims for the sum of $500, interest and costs, aggregating $547, adding thereto the words "whole amount due deft. on counterclaim." The plaintiff in that action appealed to the Appellate Term, the appeal was resisted by the defendant, and the judgment was affirmed. Thereafter this action was brought by the plaintiff, the defendant in that action, to modify the judgment of the Municipal Court justice by striking therefrom the words "whole amount due deft. on counterclaim," and the judgment appealed from grants that relief.

Section 157 of the Municipal Court act (Laws 1902, c. 580) provides in effect that, where a counterclaim is interposed in excess of the amount of the jurisdiction of the court, the entry of judgment for the

amount of the court's jurisdiction shall not estop the defendant from bringing an action to recover the difference unless the judgment shall state "that the sum awarded by the judgment is the whole amount found to be due." The respondent contends that the Municipal Court justice inadvertently added the words sought to be stricken from the judgment. The justice testified that he intended to enter a judgment which would enable the respondent here to sue in a court of record to recover the excess of the counterclaims over the amount of the judgment rendered, and in support of that it appeared that the justice called the respondent's attorney on the telephone before entering the judgment, informed him how he intended to decide the case, and asked how to enter the judgment, in response to which said attorney sent the justice a memorandum, containing the following statement:

"We would therefore respectfully suggest that in granting judgment, the court state that the judgment awarded is not for the whole amount found to be due, or a statement that the whole amount found to be due, together with interest thereon aggregate the sum of twenty-one hundred fifty-six $68/100$ dollars, and award a judgment for the sum of five hundred (500) dollars, together with interest and costs."

Section 254 of the Municipal Court act provides that a motion to vacate, amend, or modify a judgment may be made at the close of the trial or within five days from the time the judgment was rendered. The respondent's attorney, however, did not learn of the form of the judgment until the appellant's brief on appeal was served. Then, instead of consenting to a reversal of the judgment, he resisted the appeal.

No doubt, equity will entertain jurisdiction to set aside a judgment which was the result of fraud, accident, or mistake, not occasioned by the plaintiff's negligence, where there is no adequate remedy at law. In this case, the respondent had an adequate remedy at law, to wit, a motion to set aside or amend the judgment. Obviously, a party could only discover by an examination of the judgment whether he needed to avail himself of that remedy. Though the failure to discover the form of the judgment in time to make the motion may not have been negligent, it would seem that prudence would have suggested a consent to the reversal of the judgment. However, we are not disposed to rest the decision in this case on the ground of negligence, as it involves a more important question.

It is claimed that this judgment was rendered by mistake and inadvertence. Obviously, equity will not interfere to correct judicial mistakes, either of fact or of law. Those must be corrected by motion or on appeal. Cases like Metcalf v. Williams, 104 U. S. 93, 26 L. Ed. 665, and Weed v. Hunt, 76 Vt. 212,[1] where by mistake judgments are rendered by default, stand upon an entirely different basis. In this case the rendering of the judgment was a judicial act. The counterclaim being in excess of the court's jurisdiction, the justice had to decide whether the amount of the judgment was the whole amount found to be due, and, if so, to state that fact in the judgment. He rendered judgment for an amount stated, adding the words "whole amount due deft. on counterclaim." He intended to use those particular words. The mistake was not clerical, nor the result of miscalculation, or the accidental use or omission of a word. It was not inadvertent, but was

[1] 56 Atl. 980.

the result of his not understanding the effect of the language used. If this judgment can be sustained, any judgment can be attacked by a suit in equity upon the testimony of the judge that he intended to render a different decision than the one actually rendered.

Fayerweather v. Ritch, 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193, seems to be directly in point. In that case, a suit had been brought in the Supreme Court of New York to establish the right of the plaintiffs to the residuary estate of Daniel B. Fayerweather, which it was claimed was given to the executors, pursuant to their promise to devote it to the use of the plaintiffs, and certain other colleges. Pending a contest of the will, the executors had executed a deed of gift to carry out the purposes of the alleged secret trust, and the contest was settled by the contestants executing releases. The residuary estate, together with the property disposed of by direct bequests to the colleges in question, comprised the bulk of the estate; and, if the secret trusts were carried out, it would result in a disposition of the testator's property in contravention of the statutes of this state. The executors of the testator's widow, she having died subsequently to the death of the testator, and his next of kin, answered, alleging that the agreement which the suit was brought to enforce was a secret trust to evade the statutes of New York, and that the releases were obtained from them by concealment and fraud. The trial judge decided in favor of the plaintiffs without making formal findings of fact, but an opinion was rendered in which he discussed the validity of the secret trust and the testimony by which it was established, without passing on the validity of the releases. Thereafter, a suit was brought in the Circuit Court of the United States by two of the next of kin, who were citizens of Iowa. An appeal was taken to the Supreme Court of the United States from a decree sustaining a plea of res adjudicata; the appellants 'asserting that the taking of their property perforce of the judgment of the New York Supreme Court was without due process of law, for the reason that said judgment was rendered without the court's passing upon the validity of the releases. In support of that claim, the testimony of the judge who tried the New York action was admitted to the effect that, in deciding the case, he did not consider the question of the validity of the releases. The jurisdiction of the federal courts to entertain the action was sustained; but it was held that the testimony of the trial judge in respect to the matters considered and passed upon by him was not competent to impeach his judgment. What was said in that connection may be quoted as particularly pertinent to the question before us, viz.:

"A judgment is a solemn record. Parties have a right to rely upon it. It should not lightly be disturbed and ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision."

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. I concur in the result on the ground that the action was not necessary, for the reason that the judgment does not

show "that the sum awarded by the judgment is the whole amount found to be due," and it is therefore no bar to an action for the balance of the claim on which the counterclaim was founded.

---

### GLEASON v. NORTHWESTERN MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. June 10, 1910.)

APPEAL AND ERROR (§ 1195*)—LAW OF THE CASE.

    The decision of the Court of Appeals overruling a demurrer to the answer in an action on a life policy by the assignee thereof, pleading in bar a judgment of a sister state in favor of the administrator of insured in an action on the policy, and adjudging that the foreign judgment is conclusive, is the law of the case on the question of the conclusiveness of a final judgment for the administrator in the sister state, rendered on a subsequent trial after the reversal of the former judgment.