EMILY K. WEED *v.* BERTRON A. HUNT.

February Term, 1916.

Present: MUNSÓN, C. J., WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Injunction—Damages—Specifications—Assessment—Costs.*

The services of an attorney employed in a suit in equity which do not appear to have been occasioned or extended by an injunction prayed for in the bill, and obtained as incidental thereto, are not proper elements of damages to be assessed under the injunction bond.

Where there is evidence on which the master could allow a certain item in the assessment of injunction damages and nothing to show that the allowance is excessive, it cannot be said that the Chancellor erred in overruling an exception to the report of the master as to this item.

A point not raised by an exception to the master's report will not be considered in Supreme Court.

Specifications are not required as a basis for recovery of damages under an injunction bond.

The rule as to the measure of injunction damages is that where an injunction is obtained in good faith in the assertion of an honestly claimed right, the damages recoverable are such as necessarily result from the injunction to the party enjoined who must conduct himself with ordinary care and prudence so as to receive as little damage as possible under the circumstances.

While this rule applies as well to costs as to other damages, it includes only those costs accruing in consequence of the injunction as the direct result of it, and not those incurred in defending the main suit upon its merits.

*Held,* the defendant was not entitled to recover, as part of his injunction damages, a claim for loss occasioned by the expiration of the time for cutting and removing certain timber, because it did not appear that he was in fact hindered by the injunction from exercising the rights in question.

In an assessment of injunction damages, after the dismissal of the bill of complaint, a claim of usury on the part of the defendant which was in the bill, is out of the case, and will not be considered.

APPEAL IN CHANCERY. Heard on master's report, assessing injunction damages, and upon exceptions of the oratrix thereto, at the March Term, 1913, Washington County, *Fish,* Chancellor. Decree, overruling the exceptions of oratrix, and awarding the defendant $83.07 costs of the main cause, and $49.70 as damages under the injunction. Both parties appealed. The opinion states the case. See *Weed* v. *Hunt,* 76 Vt. 212, 56 Atl. 980; *Weed* v. *Hunt,* 81 Vt. 302, 70 Atl. 564.

*T. J. Deavitt* and *Edward H. Deavitt* for the oratrix.

*Bertron A. Hunt, pro se.*

TAYLOR, J. The grounds of the bill were accident and mistake whereby plaintiff alleges that she was prevented from making the defence of usury and suretyship for her husband in an action brought against her in Connecticut, in which the Hartford Life Insurance Co. was garnisheed. She secured an injunction restraining the defendant from proceeding further with any suits against her or the insurance company on a judgment lately obtained in Connecticut and from taking any legal action upon said judgment or "any matters therein contained" until further order of court. She gave the bond of the amount and in the form required by the rules of chancery conditioned to pay such damages as defendant might sustain by reason of the injunction in the event she was cast in the litigation. Such proceedings were had that the bill was finally dismissed on the ground that plaintiff was negligent in not making her defences in the Connecticut suit. See 76 Vt. 212, 56 Atl. 980, and 81 Vt. 302, 70 Atl. 564. The cause now comes to this Court by appeal of both parties on the question of injunction damages. The facts relating thereto have been found and reported by a special master.

The first twenty-two items of defendant's specification of damages cover his charges as attorney in this suit. The master

finds that the charges are reasonable and the bill not larger than defendant would have been compelled to pay if he had employed another attorney, that defendant was an attorney of this Court during the time covered by the charges, and that the services charged for were rendered in the defence of his own cause; he concludes by submitting to the court defendant's right to recover these items. They were disallowed by the chancellor and we think correctly. The injunction was merely an incident to the remedy sought by the bill. The services were employed in defending the bill and it does not appear that they were extended or in any sense occasioned by the injunction. *Sturgis* v. *Knapp,* 33 Vt. 486; *Center* v. *Hoag,* 52 Vt. 401; *Lillie* v. *Lillie,* 55 Vt. 470; *Barre Water Co.* v. *Carnes,* 68 Vt. 23, 33 Atl. 898.

Item 23 as charged in the specification is for money paid by defendant to his Connecticut attorney in the suit against plaintiff pending the injunction, $49.70. It appears from the report that this sum was part of an account for fees paid the attorney in the Connecticut litigation and that most of the account accrued before the service of the injunction. The suit against plaintiff had proceeded to judgment before the injunction issued and the only litigation in Connecticut that could be affected by the injunction was a suit of *scire facias* on the judgment against the garnishee. It is apparent on the face of the report that the master was mindful of the correct rule of damages. After stating that defendant went to Hartford for a conference by reason of the situation occasioned by the injunction, the master reports that taking into consideration the trip to Hartford in connection with item 23 it is allowed as charged. He reports further that the testimony on which this allowance rests is all before the court; and that if it should be of the opinion that defendant was entitled to recover for his trip to Hartford and not to recover any part of the sum paid his attorney in Connecticut, he finds he is entitled to recover $42 on that item instead of $49.70.

While the master speaks of his allowance as item 23, the reference to the Hartford trip indicates that the allowance was on account of the Connecticut litigation and covered $42 allowed for the Hartford trip and only $7.70 of the amount defendant paid his attorney. There was evidence on which the master could properly allow a portion of the attorney's bill; and

as there is nothing before us to show that the allowance was excessive, we cannot say that the chancellor erred in overruling defendant's exception, and decreeing the recovery of that item of damage. It is objected that there is no finding of necessity for the trip to Connecticut by defendant by reason of the injunction. This point was not raised by the exception to the report and cannot now be considered. It is also argued that the item as allowed was not claimed by defendant in his specifications. Specifications are not required in such cases as a basis of recovery.

The master found that defendant was entitled to $83.07 taxable costs, $50 of which was secured by a bail bond or recognizance. Plaintiff excepted to the report on the ground that such costs are not an element of injunction damages and not legally recoverable in this proceeding. The master makes no finding that any part of the taxable costs were occasioned by the injunction; nor does he in fact allow the same as injunction damages. He merely reports that on the clerk's taxation confirmed by a decree of the Chancellor, defendant is entitled to $83.07 taxable costs. The chancellor included these costs as damages secured by the injunction bond. This was error. The rule as to the measure of injunction damages is that where an injunction is obtained in good faith in the assertion of an honestly claimed right, the damages recoverable are such as necessarily result from the injunction to the party enjoined, the plaintiff conducting himself with ordinary care and prudence so as to receive as little damage as the circumstances will admit of; and the rule applies as well to costs as to other damages. *Center* v. *Hoag, supra.* It does not include the costs incurred in defending the main suit upon its merits, except those accruing in consequence of the injunction as the direct result of it. *Sturgis* v. *Knapp, supra; Lillie* v. *Lillie, supra.*

The remaining item claimed was specified as follows: "300 m. feet stumpage on Cross lot in Eden, Vt., on said lot during pendency of said injunction, $5—$1,500, to be limited by amount of debt." The facts reported as to this item are as follows: Defendant held a mortgage given June 1, 1897, by plaintiff and her husband on the "stumpage right" in a so-called Cross lot in Eden to secure certain notes signed by defendant as surety and to secure any other indebtedness owed or thereafter owing to defendant by the mortgagors or either of them. The title

to the standing timber was in plaintiff with the right to enter the premises to remove the same at any time within 12 years from September 5, 1891. When defendant took the mortgage he was not aware of the limitation as to time for cutting the timber and remained in ignorance thereof until sometime in the summer of 1911. At the expiration of the time for entering to remove the timber there was at least 300 m. feet of standing timber on the lot worth on an average $4.75 per m., or $1,425. The master reports that, in view of the fact that defendant knew nothing about the limitation, he is not prepared to believe that he would have gotten the lumber off within the time if the injunction had not been in existence; and for this reason he disallows the item in full.

Defendant claims that he is entitled to recover for this standing timber to the extent of what is due him from plaintiff and says that he should not be precluded by the fact that he did not know of the limitation and so would not have been likely to get it off but for the injunction. Assuming that the notes secured by the mortgage were involved in the Connecticut judgment so that the injunction prohibited his bringing action thereon, it is doubtful if defendant was restrained from entering as mortgagee to remove the timber. But however that may be, it was incumbent upon defendant to show that he was in fact hindered by the injunction, which he has failed to do. It is not enough that the injunction restrained the cutting. He was not damaged thereby unless it affected his conduct with reference to the security. Moreover, the measure of the damage, if any, would not necessarily be the value of the standing timber, as the expiration of the time limited did not divest the mortgagor's title. See *De Goosh* v. *Baldwin et al.*, 85 Vt. 312, 82 Atl. 182; *Deerfield Lumber Co. et al.* v. *Lyman,* 89 Vt. 201, 94 Atl. 837. The chancellor properly disallowed this claim for damage.

Plaintiff claims that upon a full accounting nothing is due the defendant. This contention is based upon the claim that on the master's original report $533.66 of defendant's claim represented usurious commissions, and that after deducting this amount from the sum recovered on the Connecticut judgment defendant has been overpaid by an amount in excess of his injunction damages. But the question of usury is not involved in this proceeding. It went out with the dismissal of the bill which left for consideration only the assessment of injunction damages.

*Decree modified by striking out the allowance of $87.03 as injunction damages, and decree as modified is affirmed and remanded. Let plaintiff recover her costs in the present hearing in this Court.*

POWERS, J., having been of counsel did not sit.