GRACE NEWMAN AND JAMES NEWMAN, PLAINTIFFS-RESPONDENTS, v. TOWNSHIP OF OCEAN, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Submitted May 31, 1941—Decided September 19, 1941.

For the plaintiffs-respondents, *Parsons, LaBrecque & Borden* (*Theodore J. LaBrecque,* of counsel).

For the defendant-appellant, *Henry H. Patterson* (*Haydn Proctor,* of counsel).

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a judgment recovered in the Monmouth County Circuit Court by plaintiffs, Grace Newman and James Newman, her husband, against the defendant, Township of Ocean, a municipal corporation, the appellant here. It was proved on behalf of the plaintiff Grace Newman that upon crossing Ocean Avenue in said township

at the intersection of Euclid Avenue, she stepped on the curb and that a portion of it "tipped," striking her in the leg as a result of which she fell and suffered serious and painful injury. The curb at the place where plaintiff was injured had virtually collapsed. Her husband, too, recovered judgment *per quod*.

The substance of the complaint (second count) was that there was a structural defect in this piece of curbing in that the curb was laid without proper foundation, the binding material was not suitable, and the mixture of concrete itself was of inferior quality. It is also charged that the curbing was broken and that the defendant municipality had permitted it to remain in that condition to the peril of the traveling public.

The grounds of appeal are that it was error to have refused to grant the defendant's motion for nonsuit and directed verdict. These were argued upon the basis that the plaintiff failed to prove that the defendant was guilty of active wrongdoing in the construction of the curbing; second, that these motions should not have been denied because the negligence, if any, was that of an independent contractor; third, it is argued that it was error to refuse these motions because there was not sufficient proof "that the negligence alleged was the proximate cause of the accident." These motions were properly denied. There was evidence from which the jury might conclude as a proper inference that the municipality had done the work in such a manner that under the cases it amounted to active wrongdoing. *Allas* v. *Rumson*, 115 *N. J. L.* 593. Compare *Fredericks* v. *Dover*, 125 *Id.* 288. That is not a case of non-feasance, that is, for not doing a thing which ought to have been done, but it amounts to that which under the proofs the jury might have found to be affirmative negligence, that is, negligence by commission. The evidence was such that the jury was justified in finding that the curbing—so constructed as to constitute a dangerous condition—was a misfeasance. For this an action lies against a municipality. As regards the argument that the fault, if any, was that of an independent contractor, the proofs tended to show—and the jury apparently concluded—that the contract was performed

according to plans and specifications prepared by the town engineer, Mr. Seaman, who took charge of the work. This being so, the defense of independent contract was of no avail. *Lydecker* v. *Passaic Co., 91 Id.* 622. The proof being that the contractor was under the direction and control of the municipality's engineer, obviously the contractor was not independent as a matter of law. The appellant's argument that the proof was insufficient that the negligence proved was the proximate cause of plaintiff's injuries, was entirely a fact question and the jury determined that issue against the defendant below. *Schreiner* v. *Delaware, Lackawanna and Western Railroad, 98 Id.* 899.

The next point in the appellant's brief is that the court erred "in refusing to charge the jury that the fact of subsequent installation of the sidewalk was an undisputed fact, there being no evidence controverting the testimony of Mr. Seaman." The requests to charge are not printed as a separate exhibit in the case and we do not find this request to charge printed at all even in the exceptions that were taken to the charge. The contention of appellant is that the laying of a sidewalk some time after the curb was laid caused the breaking up of the curbing because there was a failure to provide against "expansion" in the sidewalk. Assuming this to be true, it was a matter for the jury. If the condition complained of in the curbing was due to the wear and tear of ordinary use, there would have been no cause of action but there was a good deal of proof that the condition of the curb was due to the active, affirmative negligence of the township. The issue was one of fact.

Exception was entered to the court's refusal to charge request number two and request number three. Number two is: "A municipality is not liable to an individual for constructing a curb approximately fourteen feet in length just because it failed to place an expansion joint in the construction or did not pour the concrete monolithically." Number three reads: "The construction by a municipality of a curb approximately fourteen feet long without an expansion joint and not poured monolithically does not constitute an absolute nuisance but is, at most, mere negligence and the plaintiff

cannot recover for injuries sustained by her while crossing said curb, if that is the extent of the wrongful acts alleged." These requests to charge were properly refused. There was a great deal more in the plaintiffs' evidence than the failure to "place an expansion joint in the construction or the failure to pour the concrete monolithically." A request to charge should be based upon a legal principle applicable to the facts of the whole case or applicable to the complete evidence of a distinct and separate part of the case. This request to charge fails to include items of evidence which should have been included for the consideration of the jury, if the request itself was a proper one. *Reed* v. *Director-General,* 95 *N. J. L.* 525; *Anderson* v. *Director-General,* 94 *Id.* 421; *Lilley* v. *Florence Pipe Foundry, &c., Co.,* 121 *Id.* 147.

The remaining points in the brief of the appellant have no merit.

Judgment affirmed.

*For affirmance*—THE CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, HAGUE, THOMPSON, JJ. 11.

*For reversal*—THE CHANCELLOR, PARKER, CASE, COLIE, RAFFERTY, JJ. 5.