BOARD OF EDUCATION OF THE TOWN OF MORRISTOWN, ETC., PLAINTIFF-RESPONDENT, v. DWIGHT R. G. PALMER, COMMISSIONER, STATE HIGHWAY DEPARTMENT, ETC., *ET AL.*, DEFENDANTS-APPELLANTS.

Argued February 8 and 21, 1966—Decided March 21, 1966.

*Mr. William J. McCormack*, Deputy Attorney General, argued the cause for defendant-appellant Dwight R. G. Palmer, Commissioner, State Highway Department, State of New Jersey (*Mr. Edward D. McKirdy*, Deputy Attorney General, on the brief; *Mr. Arthur J. Sills*, Attorney General of New Jersey, attorney).

*Mr. Theodore W. Geiser*, argued the cause for defendant-appellant New Jersey Highway Authority (*Miss Sonia Napolitano*, on the brief; *Messrs. Pindar, McElroy, Connell & Foley*, attorneys).

*Mr. Clive S. Cummis* argued the cause for plaintiff-respondent (*Messrs. Michael B. Tischman and Steven S. Radin*, on the brief).

The opinion of the court was delivered

PER CURIAM. The State Highway Department is engaged in constructing Interstate Highway Route 287, a wide, high speed, limited access super-highway, part of which is to run through the Town of Morristown, New Jersey. A section of the highway and an interchange or ramp system to be connected with it are to be constructed in close proximity to the George Washington Elementary School in the town. None of the work in the vicinity of the school had been started when this proceeding was instituted. In fact, although construction

of the roadway is progressing toward the school site, it is still a considerable distance away.

Plans and drawings purporting to show the proposed location of the highway and ramps and the character of their construction in the George Washington School area, came to the attention of the Morristown Board of Education, owner of the school. Study of these documents led the board to conclude that upon completion of the project, the school will become an island surrounded by highway, access roads and ramps, and that a portion of the rear of the school property, used as a playground, actually would be taken. Believing that the circumstances in their totality would result in a destruction of the beneficial use of the building and land for school purposes, and that such result would constitute a taking of the property itself, the board brought this action against Dwight R. G. Palmer, Commissioner, State Highway Department, and New Jersey Highway Authority (which all parties now concede is not involved in the particular highway project). The principal relief sought is an injunction restraining the construction as planned in the vicinity of the school, or in the alternative, an order compelling the Commissioner to institute condemnation proceedings to acquire the school property and to pay just compensation therefor.

The trial court dismissed the complaint on preliminary motion holding that since the affidavits submitted by the parties as well as the other documentary proof did not show the physical taking or invasion of any portion of plaintiff's property, no cause of action existed. Appeal from the judgment of dismissal was taken to the Appellate Division. There the court felt the affidavits, when construed most favorably to the plaintiff as the trial court was required to do on a motion to dismiss the complaint, disclosed that the construction "will result in creating an island at the school site." It said further that the affidavits contained allegations of fact and statements of opinion based thereon to the effect that the "proposed construction would eventually necessitate abandonment of the school." Under the circumstances, the Ap-

pellate Division was of the view the action should not have been dismissed on motion, but that the matter should have been "thoroughly explored at a full hearing to determine whether the beneficial use of the George Washington Elementary School was either totally or substantially destroyed, as alleged, by the highway project, so as to amount to a taking." Accordingly the judgment of dismissal was reversed, and the cause was remanded for full hearing on the merits. An *ad interim* stay of the construction work was denied. *Board of Education of the Town of Morristown v. Palmer,* 88 *N. J. Super.* 378 (*App. Div.* 1965). We granted the Commissioner's application for certification. 45 *N. J.* 603 (1965).

The briefs and oral argument of the parties before us, as well as an additional drawing of the project as presently planned in the George Washington School area (which was not presented to the Appellate Division), reveals: (1) There will be no physical invasion of the school premises, and (2) the school will not be encircled by the new highway or the access roads or ramps. Study of the entire record gives rise to the inescapable conclusion that at the present time the issue sought to be presented by the Board of Education is purely hypothetical. The effect on the school, as a school, if any, is speculative. It will continue to be so until the construction work is completed and sufficient time has elapsed to permit an informed judgment to be made as to whether any damage has been suffered by the board in the constitutional sense of a taking. Plainly, therefore, the present action is premature, and the trial judge was correct in dismissing it. Accordingly, we affirm his judgment of dismissal, but without prejudice to the institution of a new action by the plaintiff, if deemed advisable, at an appropriate time after completion of the highway project and after its use for the designed purpose.

In the meantime we express no view as to whether the conditions described in the Appellate Division opinion can be considered such a taking as would expose the Highway

Department to liability to pay compensation to the property owner. Decision on that issue is expressly reserved, and the matter may be considered as *res nova* for further presentation to this Court.

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.