94 N.J. Super. 459 (1967)
228 A.2d 873
MARIA C.J. VELING, ET AL., PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF RAMSEY, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1967.
Decided April 11, 1967.
*460 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Paul B. Thompson argued the cause for appellants (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
Mr. James M. Muth argued the cause for respondent (Messrs. Weber, Muth & Weber, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
Over a period of years, beginning in 1953, the governing body of defendant municipality adopted a series of amendatory ordinances which made various changes to its original zoning ordinance adopted in 1936. Plaintiffs were the owners of a number of parcels of property located in an area originally zoned for general commercial purposes. The uses permissible in that area were restricted in different respects by the various amendatory ordinances. Three of the five ordinances enacted by the borough were invalidated by court action. Two others, after being attacked as unreasonable and arbitrary, were replaced by ordinances later declared invalid. The net effect was that the use restrictions applicable to plaintiffs' properties reverted to those applicable under the 1953 ordinance.
*461 Plaintiffs brought this action against the municipality to recover damages representing their alleged loss as a result of being deprived, during the pendency of the amendments, of the use of their properties in accordance with the original ordinance provisions.
At no time did plaintiffs charge that the governing body or any member of it acted in bad faith or from malice in voting to adopt any of the amendments in question. The municipality asserted, as a defense to the action, that in adopting each of the ordinances it acted in good faith in reliance upon the opinion of expert zoning and planning consultants.
The trial court granted a summary judgment in favor of the municipality. The property owners appeal. We affirm.
The adoption of these amendments to the zoning ordinance by the governing body represents the exercise of a discretionary governmental function. No cause of action against the municipality can be grounded on the alleged invalidity of such an official legislative determination. Visidor Corp. v. Cliffside Park, 48 N.J. 214 (1966). The doctrine considered in Board of Education of Morristown v. Palmer, 88 N.J. Super. 378 (App. Div. 1965), reversed on other grounds, 46 N.J. 522 (1966), has no application to the situation here presented.
The power of a municipality to adopt zoning regulations pursuant to statutory authority is an essential aspect of the police power. The governing body must be free to exercise that power in good faith to amend or alter its zoning regulations when it determines the public interest so requires. To hold otherwise would saddle municipalities with oppressive financial burdens and litigation which would seriously impair, if not nullify, their power to perform a vital governmental function. See Visidor Corp. v. Cliffside Park, supra.
Affirmed.