94 N.J. Super. 445 (1967)
228 A.2d 721
MADONNA M. BRENNER, ETC., AND JACK BRENNER, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF JACKSON, ETC., DEFENDANT-RESPONDENT, AND LAKEWOOD DEVELOPMENT COMPANY, ETC., DEFENDANT-APPELLANT, AND STANLEY B. PETERS, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1967.
Decided April 11, 1967.
*447 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Roy G. Simmons argued the cause for appellants (Messrs. Camp & Simmons, attorneys).
Mr. Jay M. Liebman argued the cause for appellant Lakewood Development Company (Messrs. Schneider & Morgan, attorneys).
*448 Mr. James J. Callahan argued the cause for respondent Township of Jackson.
The opinion of the court was delivered by CARTON, J.A.D.
Challenged on these appeals is the propriety of a summary judgment granted in favor of defendant municipality and against plaintiffs in an action brought against the municipality and other defendants to recover for personal injuries and property damage.
On October 22, 1964 plaintiff Madonna M. Brenner drove her automobile off the end of Pine Street, a dead-end street located in a development known as Robbins Estates in defendant township. The car came to rest hanging over a concrete slab forming a retaining wall beyond the end of the street. The base of the retaining wall was some six feet below the street level.
Madonna, her husband Ian A. Brenner, and the owner of the automobile, Jack Brenner, filed a complaint for damages against the township, Lakewood Development Company and Peters, the township engineer, who had also acted as engineer for the developer in connection with the project. Plaintiffs alleged negligence and creation of a nuisance against defendants Lakewood Development and Peters; they also asserted negligence and active wrongdoing, as well as maintenance of a nuisance, on the part of defendant municipality.
The trial judge granted summary judgment in favor of the municipality on the ground that there was no evidence which would raise a genuine material fact evidencing active wrongdoing on its part.
Plaintiffs and codefendants argue that the proofs as to defendant township's conduct establish active wrongdoing which precluded the grant of summary judgment. We agree that the record shows that there are material issues of fact as to certain of these allegations. Under such circumstances a summary judgment may not be granted. See Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400, 405 (1958).
*449 The allegation is made that in 1963 and 1964 workmen employed by the township performed certain drainage work at the end of Pine Street where the accident occurred. It is also asserted that there was no barrier at the end of Pine Street where a six-foot drop existed, or lights or sign warning of the danger; that complaints had been made to the township for a period of six months before the accident about the absence of a barricade, and that in June 1964, as a result of a complaint, the township mayor inspected the unprotected drop at the end of the street.
These factual contentions find support in the affidavits of the president of the development company, affidavits of two residents in the vicinity of Pine Street, copies of municipal records and photographs of the site of the accident. An affidavit of the mayor states that Pine Street, at the time of the accident, was in substantially the same condition as it was when accepted by the township. Proof establishing these factual claims would create issues of fact from which the existence of a cause of action against the municipality on the ground of active wrongdoing can be inferred. Hartman v. City of Brigantine, 42 N.J. Super. 247, 258 (App. Div. 1956), affirmed 23 N.J. 530 (1957), and cases there cited. Consequently, summary judgment should not have been granted.
However, the official acts of the municipality in approving the subdivision map and the street layout, the construction of the street, the inspection and certification thereof by the township engineer, and the acceptance of the street and filing of the maintenance and performance bonds, provide no basis for a cause of action in tort liability against the municipality. Each of these acts was presumably performed by the municipality pursuant to the authority of the Municipal Planning Act (1953), N.J.S.A. 40:55-1.1 et seq. Consequently, proof of these activities, if true, furnishes no basis for a claim against the municipality and is not relevant.
In Levin v. Livingston Tp., 35 N.J. 500, 506 (1961), Justice Hall concisely describes the basic governmental nature of *450 municipal subdivision regulation and points up its relation to the planning and zoning function.
"Subdivision control, like zoning, is a tool of overall community planning. They are `closely related * * * in that both are preventive measures intended to avert community blight and deterioration by requiring that new development proceed in defined ways and according to prescribed standards. Zoning relates to the type of building development which can take place on the land; subdivision control relates to the way in which the land is divided and made ready for building development.'" (Citation omitted)
It is therefore clear that these activities fall within the area of discretionary functions of a governmental nature which give rise to no liability in tort. Visidor Corp. v. Borough of Cliffside Park, 48 N.J. 214 (1966). Each of such acts or omissions arose out of the exercise or performance, or failure to exercise or perform a discretionary function in the execution of the planning statute or ordinance enacted pursuant to it. Cf. Veling v. Borough of Ramsey, 94 N.J. Super. 459 (App. Div. 1967), decided this date, which involves an action seeking to hold a municipality liable for the exercise of the zoning function.
Thus, in approving the subdivision map, the township merely authorized the developer to proceed with a development plan conceived by the developer for its profit and benefit. The street system thereon and its arrangement were planned, designed and to be constructed by the developer, not by the municipality.[1] Approval, however, was required to be in accordance with standards and conditions as prescribed *451 by the statute and the township ordinance, and as a prerequisite to official filing. Similarly, the supervision of the construction of the streets in the development by township employees and the certification by the engineer that they had been constructed according to township requirements are functions the exercise of which is designed to insure compliance with standards prescribed by the planning regulations and the conditions upon which approval of the subdivision map was granted. The acceptance of the performance bond and the maintenance bond were likewise governmental acts done pursuant to statutory authority in the Municipal Planning Act authorizing the municipality to require performance guarantees for the purpose of assuring that the required improvements were installed. See N.J.S.A. 40:55-1.14 et seq.
Proof of these municipal activities provides no basis for a claim of tort liability against the municipality and consequently evidence thereof was not relevant for such purpose.
The acceptance of the street where the accident occurred of itself constitutes no proof of active wrongdoing. It represents the exercise of still another phase of the governmental discretionary function authorized by statute. It may be noted, however, that the acceptance of the road by the township and its inspection prior thereto may be evidential as to the municipality's awareness of the condition allegedly constituting the nuisance.
We observe that these appeals were prosecuted without the leave of the court pursuant to R.R. 2:2-3. However, in view of the importance of the issues involved, we have decided the case on the merits and grant the necessary leave to appeal.
Reversed and remanded for new trial in accordance with this opinion.
NOTES
[1] The situation here presented should be carefully differentiated from one in which the municipality itself constructs or contracts for construction of the street improvement and itself adopts the plan of improvement or supervises its construction. As to the liability of a municipality under such circumstances, see Lovett v. Borough of Keyport, 133 N.J.L. 122 (E. & A. 1945), and Newman v. Ocean Tp., 127 N.J.L. 287 (E. & A. 1941). For an extensive treatment of the responsibility of a municipality for injury due to an improper plan or defects in the original construction of a public street or highway, see Annotation, 90 A.L.R. 1502 (1934).