## William Sykas v. Raymond Alvarez

[ 234 A.2d 343 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 3, 1967

*McKee & Clewley* for plaintiff.

*Monte & Monte* for defendant.

**Barney, J.** The chancellor's refusal to allow damages, consisting entirely of attorneys' fees, upon dissolution of a temporary injunction granted ex parte, is the only matter at issue. In denying the motion for damages, the chancellor stated that he was, "unable to find that plaintiff was not equitably entitled to a temporary injunction at the time the injunction was granted." Rule 41 of the Court of Chancery (12 V.S.A. App. III, R. 41), refers to the situation, "when the injunction will necessarily produce great and irreparable injury to the defendant if the claim of the plaintiff is not sustained," and requires a bond, "conditioned to pay the party enjoined such damages as he may sustain by reason of the injunction if the court shall eventually decide that the plaintiff was not equitably entitled thereto." This rule is underscored by 12 V.S.A. §4447, which authorizes the recovery of actual damages caused by the wrongful issuance of an injunction.

The rule recognizes that the injunctive power can be of drastic impact. Before it is applied, it is the duty of a chancellor to insist on the fullest examination of its potential effect, harmful and otherwise, on all parties. When an injunction is sought ex parte, a

judge must view it as out-of-the-ordinary relief, not issued as a mere matter of course. This is the clear import of Rule 42 of the Court of Chancery, (12 V.S.A. App. III, R. 42), which governs such requests.

In such cases, the chancellor must maintain the highest concern about its consequences, since the affected party is not present to defend his interests. The judge must first assure himself that justice can adequately be served in no other way than to prevent a change in circumstances or relationships by injunctive order. He has an equal duty to require a demonstration that it is impossible, in the particular situation, to take the time necessary, however brief, to arrange a confrontation of the parties, and still avoid irreparable loss to the plaintiff. The bond requirement of Rule 41 is, of course, intended as a further protection for the defendant.

Although it is part of the legal tradition here, as contrasted with England, that the costs of legal representation are not a part of the damages of the prevailing party in ordinary litigation, such costs may be allowed as part of injunction damages, provided they are generated solely by its wrongful issuance. *Houghton* v. *Grimes,* 103 Vt. 54, 63, 151 Atl. 642; *Lillie* v. *Lillie,* 55 Vt. 470, 474.

If a court of equity dissolves an injunction because a plaintiff has failed to establish his right in equity to have had the benefit of such relief, that plaintiff is, of course, liable for any damage caused by the injunction unjustifiably given him. *Weed* v. *Hunt,* 90 Vt. 418, 421, 98 Atl. 922. His right, or lack of it, to injunctive relief is usually resolved by the final decree.

But the determination as to whether the injunction was wrongfully issued is initially for the chancellor, as part of his role in assessing injunction damages, where the propriety of the injunctive relief has not been settled by a final decree. An interlocutory dissolution of an injunction is not, per se, an adjudication that the injunction issued wrongfully. The burden is on the defendant to establish his right to damages. *Spaulding & Kimball* v. *Aetna Chemical Co.,* 98 Vt. 169, 175, 126 Atl. 588. The determination of the chancellor on this issue can be overcome in this Court only if an opposite result is required as a matter of law.

In this case, it appeared upon the record that the bond, necessary to validate the injunction, was defective, in that it failed to

comply with the then new requirement that it be approved by the chancellor, rather than by the clerk, as formerly. 12 V.S.A. App. III, Rule 41. The chancellor ordered the injunction dissolved, and the plaintiff then discontinued his action. The defendant immediately brought a motion for a hearing on injunction damages. This he had a right to do, because the plaintiff could not foreclose consideration of that issue by a discontinuance. See *Spaulding & Kimball* v. *Aetna Chemical Co., supra,* 98 Vt. 169, 172, also cf. *Powell* v. *Woodbury,* 85 Vt. 504, 512, 83 Atl. 541. As previously noted, the hearing resulted in a denial of relief to the defendant.

This decision was reached in the context of an acknowledgment by the defendant that he had no injunction damages outside attorneys' fees. By the equitable standards of Rule 41, it may be wrongful to insist on and obtain, unnecessarily, a devastating injunctive remedy for enforcement of a technical right which may be fully preserved by ordinary relief of different form. *Center* v. *Hoag,* 52 Vt. 401, 404; see also *Thompson* v. *Smith,* 119 Vt. 488, 509, 129 A.2d 638. On the other hand, where the only impact of the injunction is represented by legal expenses comparable to those faced by a defendant obtaining dismissal of an action at law, there will be a much stronger insistence on a showing that the injunction was indeed wrongfully issued.

The evidence brought forward at the hearing on injunction damages in this case related to insufficiences in the bill and bond as matters of proper pleading and form. The substantive right of the plaintiff to an injunction was never examined or questioned, in connection with the issue of such damages. The defendant took the position that the dissolution of the injunction was enough to support recovery of the fees. As has been shown, it was not.

*Order affirmed.*