# Town of Milton v. Gerald M. Brault and Gemma A. Brault

[320 A.2d 630]

No. 45-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

Motion for Reargument Denied June 12, 1974

*Stephen S. Blodgett, Esq.,* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiff.

*Burgess & Kilmurry,* Montpelier, for Defendants.

**Smith, J.** Injunction damages of $86,411.00 were awarded by the court below to the defendants. The plaintiff town appeals, arguing that a municipality is immune from such liability.

The judicial aspect of the longstanding controversy began in May, 1967, when the Town of Milton obtained a temporary injunction enjoining the defendants from constructing a mobile home park on their, the defendants' land. This injunction, later made permanent in 1969, was sought in order to enforce a recently adopted local zoning ordinance. The town posted a $500 injunction bond, although it was not required to do so, either under the then applicable law, Chancery Rule 41 (12 V.S.A. App. III, R.41), or at any subsequent time. V.R.C.P. 65(c).

This Court held that the zoning ordinance was invalid because of procedural defects in its adoption in *Town of Milton* v. *Brault,* 129 Vt. 431, 282 A.2d 861 (1971), and the companion case of *Town of Milton* v. *LeClair,* 129 Vt. 495, 282 A.2d 834 (1971). Therefore, the injunction had issued to enforce an ordinance of no force and effect, and this Court's decisions reversing the decrees of the Chancellor were final determinations that the injunction should be dissolved.

At the time of these two decisions, 12 V.S.A. § 4447 provided:

> When an injunction in chancery is dissolved by final decree in favor of the defendant, he shall be entitled to recover his actual damages caused by the wrongful issuing of the injunction which shall be ascertained by reference to a master.

The word "shall" is synonymous with "may"; reference to a master is permissive rather than mandatory. *Spaulding* v. *Aetna Chemical Co.,* 98 Vt. 169, 173, 126 A. 588 (1924).

The original entry order in *Town of Milton* v. *Brault, supra,* was "Decree reversed and cause dismissed." The defendants then filed a motion for assessment with this Court,

asking us to assess damages under 12 V.S.A. § 4447. Because of the wording of the entry order, defendants contended, the damage assessment had to be made here. "The power to deal with the right to have injunction damages assessed under motion accompanies the action to this Court on appeal, and returns to the court below in connection with a remand." *Couture* v. *Lowery*, 122 Vt. 505, 507, 177 A.2d 371 (1962). See also *Haklits* v. *Oldenburg*, 129 Vt. 446, 448, 282 A.2d 802 (1971).

Subsequently the entry order was amended to "Decree reversed and cause remanded for purposes of assessing damages pursuant to terms of injunction bond and 12 V.S.A. § 4447." *Town of Milton* v. *Brault, supra,* 129 Vt. at 432. The purpose of such amendment was to allow the county court, a more appropriate forum for such a proceeding, to conduct a hearing and assess whatever injunction damages, if any, were legally attainable by the defendants. The wording of the amended entry order does not manifest an intent, nor can such an intent be reasonably inferred, to abrogate the applicable law governing the liability of municipalities for good faith enforcement of zoning ordinances.

■ Unless a statute such as 19 V.S.A. § 1371 (allowing recovery against a municipality for injury caused by improper maintenance of a culvert) provides otherwise, a municipality is immune from liability unless it waives its sovereign immunity by purchasing liability insurance. 29 V.S.A. § 1403; 24 V.S.A. § 1092; *Medlar* v. *Aetna Insurance Co.,* 127 Vt. 337, 342, 248 A.2d 740 (1968). The waiver is limited to the maximum amount of the insurance coverage. 29 V.S.A. § 1404; *Town of South Burlington* v. *American Fidelity Co.,* 125 Vt. 348, 350, 215 A.2d 508 (1965); *Marshall* v. *Town of Brattleboro,* 121 Vt. 417, 160 A.2d 762 (1960).

■ The plaintiff had not purchased a liability insurance policy to protect itself against good faith, albeit subsequently wrongful, enforcement of its zoning ordinances. The purchase of an insurance policy is the only action mentioned in 24 V.S.A. § 1092 as constituting a waiver of sovereign immunity. However, it would be absurd to hold that the voluntary filing of an unnecessary injunction bond cannot also constitute a

waiver. Consequently, the plaintiff has waived municipal immunity to the extent of coverage provided by the injunction bond.

Under 12 V.S.A. § 4447, injunction damages need not be limited to the amount of the bond in every case, *Houghton* v. *Grimes*, 103 Vt. 54, 68, 151 A. 642 (1930). But because of the nature of the plaintiff actually involved in this case, this Court, in its amended entry order, could not and therefore obviously did not mandate that damages be assessed in an amount greater than the five hundred dollar bond.

The conjunctive wording of this entry order, i.e. the mentioning of both the bond and 12 V.S.A. § 4447, is not misleading. For although the maximum liability of the Town of Milton was fixed at five hundred dollars, it was still necessary for the actual damages to be assessed to determine whether the town was liable to the full extent of the bond's coverage or for some lesser amount. Section 4447 is the statutory authority authorizing the making of such assessment.

The defendants urge this Court to join other states which have abolished the doctrine of sovereign immunity. This doctrine was created by the judiciary and the defendants assert that "[t]he judicial branch of government need not call to, or wait upon, the legislative branch to change a rule of law which the judicial branch itself created." *Abernathy* v. *Sisters of St. Mary's*, 446 S.W.2d 599 (Mo. 1969).

However, in the nearby jurisdictions cited by defendants, the courts pointed out that the legislative silence on the issue did not hinder their decisions. These courts were not faced with definite legislative approval of the doctrine of sovereign immunity, as is this Court. In Rhode Island, sovereign immunity was abrogated prospectively, but subject to any existing or subsequently enacted legislation. *Becker* v. *Beaudoin*, 106 R.I. 562, 261 A.2d 896, 901 (1970). The importance of legislative silence was also noted by Chief Justice Weintraub in *Willis* v. *Department of Conservation & Economic Development*, 55 N.J. 534, 264 A.2d 34, 36 (1970).

Furthermore, we find the reasoning in various New Jersey cases very persuasive support for the proposition that, even if our Legislature had not spoken, the good faith action of this plaintiff should not beget liability beyond the amount of the injunction bond.

The power of a municipality to adopt zoning regulations pursuant to statutory authority is an essential aspect of the police power. The governing body must be free to exercise that power in good faith to amend or alter its zoning regulations when it determines the public interest so requires.

*Veling* v. *Borough of Ramsey*, 94 N.J. Super. 459, 228 A.2d 873 (1967). In *Willis* v. *Department of Conservation & Economic Development, supra,* 264 A.2d at 36, Chief Justice Weintraub states that when relief against municipalities is refused, "it is upon the basis of substantive principles of law we think should apply and not upon the proposition that those agencies are immune from suit."

> [A municipality] will not be held liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial cast, nor generally with respect to decisions calling for the exercise of official judgment or discretion. This limitation seems to be uniformly accepted, as we pointed out in . . . *Visidor Corp.* v. *Borough of Cliffside Park* . . . . [*Id.* 264 A.2d at 37.]

*Visidor Corp.* v. *Borough of Cliffside Park,* 48 N.J. 214, 225 A.2d 105 (1966), *cert. denied,* 386 U.S. 972 (1967), although not involving an injunction, is directly on point. There, as here, damages for alleged loss of profits were sought by a private litigant against a municipality. The borough had installed one-way street signs, which increased the difficulty of access to the plaintiff's tavern, in the absence of a duly approved ordinance authorizing the installations. Visidor succeeded in compelling removal of the signs, but was denied damages. The following reasoning of the court for denying damages for loss of profits merits repeating here:

> If the Borough had proceeded through an approved ordinance designating Marion Avenue as a one-way street, there presumably would have been the economic business loss, but society could rightly expect that Visidor bear such loss without recourse. That much is not disputed by Visidor. . . . It claims, however, that since here the Borough did not so proceed, the illegality of its action may in itself be deemed a sufficient basis on which to

support the damage claim. If this approach were accepted, damages could be recovered from a municipality whenever there was a showing of harm resulting from municipal zoning, licensing or other restriction later declared invalid. The absence of any right to such damages has been generally assumed in our State. Though our law reports are full of proceedings for the setting aside of restrictive municipal ordinances and resolutions, none, so far as we know, has ever been accompanied or followed by any damage recovery. Elsewhere the courts have for policy reasons expressly denied such recovery with substantial consistency. [Citations omitted.] [*Id.* 225 A.2d at 109.]

■ The plaintiff argues that the damages awarded the defendants below for loss of profits were speculative. See *Berlin Development Corp.* v. *Vermont Structural Steel Corp.*, 127 Vt. 367, 372, 250 A.2d 189 (1968); *Dieffenbach* v. *McIntyre,* 208 Ok. 1163, 254 P.2d 346, 349 (1952); 22 Am.Jur.2d *Damages* § 173.

Although we think there is merit to the town's assertion, we need not discuss this issue since the optimum amount of damages allowable to the defendants is awardable from the attorney fees' element of damages. The lower court awarded damages for attorney fees amounting to more than five hundred dollars. The plaintiff conceded that these fees were reasonable; however, it did not further waive its immunity with respect to this element of damages.

■ While generally "the costs of legal representation are not a part of the damages of the prevailing party in ordinary litigation, such costs may be allowed as part of injunction damages, provided they are generated solely by its wrongful issuance." *Sykas* v. *Alvarez,* 126 Vt. 420, 422, 234 A.2d 343 (1967); see also *Houghton* v. *Grimes, supra,* 103 Vt. at 63. Here, unlike the situation in *Sykas,* the substantive right of the plaintiff to the injunction was adversely determined by our prior decision in this case. Defendants are entitled to recovery of five hundred dollars in attorney fees under the injunction bond.

*Judgment modified to limit recovery to five hundred dollars and affirmed as modified.*

## On Motion To Reargue

Smith, J. The defendants have advanced notice for reargument on two grounds. The first ground is that although the face amount of the bond is stated to be $500, this does not limit liability. This point was adequately answered by the reference to the statute's limitation on liability to the amount of the bond stated in the main opinion.

The second argument is that the zoning administrator is not protected, individually, under the doctrine of municipal immunity and, therefore, recovery should be had against him, personally. However, this policy by which the zoning administrator is protected against liability is expressed in the case of *Nadeau* v. *Marchessault,* 112 Vt. 309, 313, 24 A.2d 352 (1942). This case expresses the doctrine of protecting municipal officers in the performance of judicial and semi-judicial duties as distinguished from the protection afforded to municipalities by the doctrine of municipal immunity.

*For the reason that the arguments advanced on the motion for reargument would not change the result of this case, the entry is: Motion for Reargument denied. Let full entry go down.*