163 N.J. Super. 287 (1978)
394 A.2d 886
JEAN ANN MITCHELL AND DONALD MITCHELL, HER HUSBAND, PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS,
v.
CITY OF TRENTON, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1978.
Decided October 31, 1978.
*288 Before Judges PRESSLER and KING.
*289 Mr. Harry R. Hill, Jr. argued the cause for appellants and cross-respondents (Messrs. Backes and Backes, attorneys, and Mr. Michael J. Nizolek on the brief).
Mr. Gerald A. Hughes argued the cause for respondent and cross-appellant (Messrs. Levy, Levy, Albert & Marcus, attorneys).
The opinion of the court was delivered by KING, J.A.D.
Plaintiffs appeal from the trial judge's grant of defendant City of Trenton's motion to dismiss under R. 4:40-1 at the conclusion of the evidence. Plaintiff Jean Ann Mitchell had allegedly sustained injuries when she fell into a hole in a broken portion of street curbing at a crosswalk in Trenton. Her husband alleged derivative damages. The case was presented before a jury, as permitted by N.J.S.A. 59:9-1, as amended by L. 1975, c. 3, § 1.
Defendant Trenton cross-appeals from the trial judge's ruling in plaintiffs' favor on a motion to file a claim beyond 90 days under N.J.S.A. 59:8-9.
Plaintiffs presented proofs at trial before the jury which established that Mrs. Mitchell fell at the curb, within the lines of the crosswalk. Mrs. Mitchell said she approached the curb, lifted her foot to step up, and as her foot came down she discovered there was no curbing, but instead she "went into a hole" and fell. There was evidence suggesting that the curbing may have been broken for as long as ten months before the fall.
Plaintiffs proceeded on the theory that defendant had a duty to repair defective curbing at city crosswalks. The City had stipulated that it owned the fee on which this defective curbing was located. No proof was presented as to the cause of the defect, whether by defective design or construction, special use of adjacent premises, or normal wear and tear incident to public use or the elements.
*290 At the conclusion of plaintiffs' case the City presented the testimony of Joseph Tuccillo, Director of Public Works, which was taken out of the jury's presence.
Tuccillo testified as follows. His department was responsible for the repair of city streets, but had never undertaken to repair curbing, largely because no money had ever been allocated for that purpose. The City's total annual budget for all street repair was $300,000. $40,000 of this sum was allocated for pothole repairs and asphalt patching. The budget had always been insufficient to repair all of the roadbed defects, and thus there was never any surplus for other projects, such as curbing. There were 298 miles of curbing in Trenton, half of it in disrepair. At the current cost of $6 a foot Tuccillo said there was no way the city could afford these repairs. The city had in the past hired private contractors to repair curbing when it undertook to reconstruct streets. In recent years street reconstruction had not been done because of the cost. When streets were reconstructed in the past, the cost of curbing was assessed to adjacent property owners.
The court granted the motion to dismiss because (1) there was no proof that the defect in the curb resulted from any defective construction, design or repair, or any other wrongful activity, of either the city or any predecessor in title, and (2) the city could not be held liable for the exercise of any discretionary decision not to fix the deteriorated curbs because of the immunity afforded by N.J.S.A. 59:2-3(d). We agree with the trial judge on both points.
Assuming the city could be liable as an owner in fee of the ground underlying the curbing to the same extent as an abutting owner, there was no proof of any wrongful conduct by the city, or any predecessor in title, to which the defect could be attributed. Without proof of negligent construction, design or repair, or some abusive use, neither the abutting owner, nor the city, would be responsible. Yanhko v. Fane, 70 N.J. 528, 532-533 (1976). Newman v. Ocean Tp., 127 N.J.L. 287 (E. & A. 1941). *291 Plaintiffs' claims for damages under N.J.S.A. 59:4-2 as a result of a dangerous condition of public property are subject, not only to immunity defenses provided by our Tort Claims Act, but also to any defenses available to a private person at common law. N.J.S.A. 59:2-1(b); Malloy v. State, 76 N.J. 515, 519 (1978). The trial court judge dismissed at the close of plaintiffs' proofs because they failed to make out a prima facie case at common law.
Plaintiff also contends that the trial judge erred in not submitting to the jury the issue of the city's liability as encompassed by N.J.S.A. 59:2-3(d) which states:
d. A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable. Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.
We conclude that the trial judge correctly ruled in favor of the city as a matter of law under this subsection. The credibility of Tuccillo's testimony was not in issue. The substance of his testimony clearly supported the conditions for immunity under N.J.S.A. 59:2-3(d). The legislative comment to this section, derived from the Report of the Attorney General's Task Force on Sovereign Immunity  May, 1972, which drafted the act, states: "Subsection (d) specifies certain discretionary activities of a public entity which lend themselves to a very limited judicial review." Obviously, any undertaking to repair all the defective curbing in the city, or only that portion of the defective curbing extending into crosswalks, involved a very substantial commitment of financial resources. Given the many competing demands upon an urban entity for funds, ranging over the areas of public safety, roads, sanitation, public housing, health, education, and others, we hold that the trial judge properly concluded that the city's decision not to allocate resources for *292 the repair of curbing was not "palpably unreasonable" as a matter of law under N.J.S.A. 59:2-3(d). We conclude that reasonable minds could not differ in this case as to the application of this statutory standard. Much of the essence of urban government today is the exercise of discretion in the allocation of increasingly scarce economic resources. The courts will not be quick to second-guess an exercise of such discretion in this context when the test prescribed by the legislature is one of "palpable unreasonableness."[1]
Affirmed. Cross-appeal dismissed.
NOTES
[1] In view of our conclusion that the trial judge's ruling dismissing plaintiffs' actions as a matter of law was correct, we do not reach the presently unresolved question of whether an issue for the trier of fact under N.J.S.A. 59:2-3(d) as to whether there has been a violation of the "palpably unreasonable standard" should be determined by a jury, or by the court without a jury. See Polyard v. Terry, 148 N.J. Super. 202, 216-219 (Law Div. 1977); Wuethrich v. Delia, 134 N.J. Super. 400, 414 (Law Div. 1975), aff'd 155 N.J. Super. 324 (App. Div. 1978).