DIX BROTHERS, A NEW JERSEY CORPORATION, PLAINTIFF, v. STATE OF NEW JERSEY AND THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, DIVISION OF FISH, GAME AND SHELLFISHERIES, DEFENDANT.

Superior Court of New Jersey
Law Division Cumberland County

Decided October 26, 1981.

*Isaac I. Serata* for plaintiff.

*Emerald Erickson*, Deputy Attorney General, for defendant.

EDWARD S. MILLER, J. S. C.

The issue presented is whether defendant is liable to plaintiff for crop damage caused by wild deer. For the reasons set forth herein it is declared it is not. The facts are these:

In the spring of 1978 plaintiff's crop of iceberg lettuce was destroyed by wild deer. The State of New Jersey and Department of Environmental Protection, Division of Fish, Game & Shellfisheries managed the property adjacent to plaintiff's fields. Plaintiff alleges that defendant improperly maintained and controlled wild deer then living on defendant property, such that the deer trespassed into plaintiff's fields and destroyed plaintiff's crop.

Plaintiff's action is based on the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 *et seq.* Defendant argues that it is immune from liability under the act; it consequently moves for summary judgment on the ground that plaintiff has failed to state a claim on which relief can be granted.

The powers and duties of the Division of Fish, Game and Shellfisheries of the Department of Environmental Protection are set forth in the State Fish and Game Code, *N.J.S.A.* 13:1B–29 *et seq.* The Fish and Game Council in the Division of Fish, Game and Shellfisheries is "authorized and empowered to determine under what circumstances, when and in what localities, by what means and in what amounts and numbers such . . . game animals . . . may be pursued, taken, killed or had in possession so as to maintain an adequate and proper supply thereof. . . " *N.J.S.A.* 13:1B–30.

■ Plaintiff maintains that defendant's failure to fence in the deer and failure to permit more deer to be taken during hunting season render defendant liable under the New Jersey Tort Claims Act, *N.J.S.A.* 59:2–2a. Defendant contends that the actions of the Fish and Game Council are immunized as discretionary activities under *N.J.S.A.* 59:2–3. Only "high-level policy decisions" are considered worthy of protection as discretionary activities. High-level policy decisions involving a failure to act may be challenged only upon a showing of "palpable unreasonableness", *N.J.S.A.* 59:2–3d; *Mitchell v. Trenton*, 163 *N.J.Super.* 287, 292 (App.Div.1978) (*cf. Fitzgerald v. Palmer*, 47 *N.J.* 106 (1966), in which a less stringent test was applied to facts involving active, rather than passive, negligence).

Thus there are two questions before the court. First, did management by the Department of Environmental Protection of property inhabited by wild deer involve high-level policy decisions rising to the level of discretionary activity under *N.J.S.A.* 59:2–3? Second, if such management did involve discretionary activity, was the failure to prevent the crop damage palpably unreasonable?

■ High-level policy decisions classified as discretionary acts involve planning, and are distinct from ministerial acts, which pertain merely to operations and which are not immunized. *Woodsum v. Pemberton Tp.*, 172 *N.J.Super.* 489 (Law Div.1980), aff'd 177 *N.J.Super.* 639 (App.Div.1981), but *see Costa v. Josey*, 160 *N.J.Super.* 1 (App.Div.1978), aff'd 79 *N.J.* 535 (App.Div. 1979), rev'd 83 *N.J.* 49 (1980). The decision to control the deer by fencing them within the property or by permitting more deer to be taken in hunting season, would have been within the purview of the Fish and Game Council, to fulfill its purpose of protecting, propagating, increasing, controlling and conserving game animals in New Jersey, *N.J.S.A.* 13:1B–30. Thus, insofar as the Council itself would make the decision to fulfill what is obviously a long-range goal, the Council's failure to fence in the deer or to extend the hunting season was a discretionary act.

The next question is whether the decision not to take such action to control the deer as might have precluded the crop damage, was palpably unreasonable. A palpably unreasonable discretionary act would render defendant liable for the damage. *Mitchell v. Trenton, supra.* In *Sickman v. United States*, 184 F.2d 616 (7 Cir. 1950), *cert. den.* 341 *U.S.* 939, 71 *S.Ct.* 999, 95 *L.Ed.* 1366 (1951), reh. den. 342 *U.S.* 843, 72 *S.Ct.* 21, 96 *L.Ed.* 637 (1951), reh. den. 342 *U.S.* 874, 72 *S.Ct.* 104, 96 *L.Ed.* 657 (1951), the issue was whether the United States was liable under the Federal Tort Claims Act for damage done to plaintiffs' crops by Canada geese. In affirming the District Court's dismissal of plaintiffs' complaints, the court (at 618) found that the United States was not liable for such damage.

The court in *Sickman* held that the decision of the Secretary of the Interior neither to herd the geese into a nonagricultural area nor to permit hunting during the years in question was a discretionary act not in itself vulnerable to challenge:

> In determining whether migratory birds might be hunted and killed in any particular year, the Secretary of the Interior performs a discretionary function... Here no allegation of negligence was charged to any particular employee of the federal government; likewise there is no allegation that any government employee failed to exercise due care in carrying out the determinations made by those granted the discretionary function. [at 619–620]

■ *Sickman* is factually analogous to the present case. New Jersey possesses wild deer no more than the United States possesses wild geese. Conservation and protection of wild animals under either the Fish and Game Code or the Migratory Bird Treaty Act is not consent to liability for the acts of wild animals. Just as the failure of the Secretary of the Interior to order herding or hunting of Canada geese was a high-level policy decision and so a discretionary act, so the failure of the Fish and Game Council to order herding or hunting of wild deer was a high-level policy decision and discretionary act. Neither plaintiff in *Sickman* nor plaintiff here have alleged any deviation from the standard of due care which would allow us to find that defendant's actions were palpably unreasonable. *Hoy v. Capelli*, 48 *N.J.* 81 (1966).

Plaintiff argues that the immunity provision of the Tort Claims Act is inapplicable because the New Jersey Department of Environmental Protection is an agency which is empowered to institute legal action. However, the Department can institute legal action only in limited instances, most of which relate to pollution statutes not at issue here, *N.J.S.A.* 13:1D–9(e), (n). The phrase commonly used by the Legislature to confer on an agency the authority to sue and the liability to sue is the power "to sue or be sued"; *e. g., N.J.S.A.* 27:12B–5(d) and *N.J.S.A.* 27:23–5(d). It does not appear to have been the Legislature's intent to make the Department of Environmental Protection a "sue or be sued" agency.

The issue presented in this case is illustrative of the ever-increasing pressures which are occurring by reason of the inherent conflict between man and his environment. As the pace of modern civilization quickens and the demands of technology increases, pressures upon that environment multiply. The instant case illustrates these pressures insofar as the protection of wildlife is concerned, see, for example two opposing letters to the *New York Times*, October 16, 1981, page A–34, concerning the identical problem in the State of New York.

It may well be that in certain areas of this small and densely populated State increasing number of deer may evolve into their being classified as pests rather than as either meat on the table or semi-pets in zoos. The court is not unmindful, for example, of the problems presented in the Great Swamp in Morris County. Nevertheless, the fact that this is an area where legislative or administrative action may eventually be required does not justify judicial legislation at this time.

Viewed in this light, defendant's failure to control the wild deer inhabiting their property to preclude the crop damage at issue, was a discretionary activity under the New Jersey Tort Claims Act, *N.J.S.A.* 59:2–3. Accordingly, plaintiff has failed to state a claim on which relief can be granted and defendant is entitled to summary judgment.