# ADE Software Corp. v. Carl Hoffman, et al.

[775 A.2d 896]

No. 99-338

Present: **Amestoy, C.J., Dooley, Morse and Skoglund, JJ., and Davenport Supr. J., Specially Assigned**

Opinion Filed April 20, 2001

Motion for Reargument Denied May 15, 2001

*Karen McAndrew* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Plaintiff-Appellee.

*Michael B. Clapp*, Burlington, for Defendant-Appellant.

**Amestoy, C.J.** Defendant-appellant Carl Hoffman appeals a final order of the Chittenden Superior Court denying his motion for a determination of injunction damages arising from a preliminary injunction granted to plaintiff-appellee ADE Software Corp. Defendant[1] asserts

---

[1] Although KLA-Tencor was also a defendant in the underlying suit, only defendant Hoffman has appealed the trial court's order.

that he is entitled to a trial on the merits of plaintiff's claim in order to establish that the preliminary injunction was wrongfully issued, and further, that he has a right to have a jury determine damages. We affirm the trial court's judgment that defendant did not meet his burden of establishing that the injunction was wrongfully issued in the first instance, and consequently has no right to a merits hearing.

In March 1997, defendant Carl Hoffman began employment with LPA Software, Inc., a New York corporation, at its office in Williston, Vermont. LPA sold "integrated yield management solutions," building software which could identify problems in the manufacturing process of semiconductor chips. Hoffman was employed as a sales manager for the Eastern United States and Europe, and was involved in LPA's product design. His employment contract contained a covenant not to compete which read:

> Employee agrees that during the term of this Agreement and for a period of one (1) year after the expiration of this Agreement or termination of his employment with Employer, without the prior written consent of the Employer (which consent will not be unreasonably withheld), he will not . . . be employed by . . . any enterprise in the United States or Canada engaged in the business of preparing, designing, implementing or marketing computer systems or in research and development . . . where such activity competes directly with the Employer.

The contract explicitly entitled LPA to injunctive relief "upon an actual or threatened breach or violation of the provisions."

Hoffman terminated his employment with LPA effective September 8, 1997, and one week later, commenced employment with defendant KLA-Tencor Corp., LPA's "largest and most direct competitor." At approximately the same time, ADE Software Corp. (hereinafter "plaintiff" or "ADE") purchased LPA Software, Inc., including the terminated employment contract.

Plaintiff filed a complaint on November 3, 1997 to enforce the terms of the employment agreement, and to recover damages sustained as a consequence of Hoffman's employment with KLA-Tencor. After a three-day evidentiary hearing, the trial court issued a preliminary injunction on January 16, 1998, barring Hoffman from continued employment with KLA-Tencor. The trial court found that there was "a likelihood that ADE will succeed in proving at trial that Mr. Hoffman's employment by KLA-Tencor is in violation of the Employment Agreement." The injunction became effective upon the posting of a $100,000 bond.

Defendant filed a motion for reconsideration and, in the alternative, a motion for permission to file an interlocutory appeal. The motion for reconsideration was denied, but permission to file an interlocutory appeal was granted. Defendant's appeal was subsequently filed with this Court, and was dismissed on the grounds that permission to appeal was "improvidently granted insofar as resolution of the issues on appeal may be dictated by facts developed at trial."

In September 1998, plaintiff filed a motion to voluntarily dismiss the action and to dissolve the preliminary injunction. Plaintiff claims to have voluntarily dismissed the action due to the fact that the period of time for which it was entitled to enforce the covenant had expired, and that the pursuit of money damages was not cost effective as "any claim for lost profits would be based upon a very limited period of time." Defendant did not oppose the motion, and the underlying complaint was dismissed.

One week later, defendant filed "a motion for determination of injunction damages" pursuant to V.R.C.P. 65(c), 65.1 and 12 V.S.A. § 4447, seeking a hearing "to determine defendant Hoffman's entitlement to injunction damages arising from the wrongful issuance of the preliminary injunction in this matter." The trial court noted that defendant's demand for a hearing was subsequent to the dissolution of the preliminary injunction, and ordered defendant to "specify its grounds for damages, both what has been suffered and why the injunction was wrongfully issued." After receiving defendant's response, the trial court concluded that defendant had "shown no new evidence" to meet his burden of establishing his right to injunctive damages, and that he had not made a timely jury request. The trial court denied defendant's subsequent motion for reconsideration.

On appeal, defendant contends that he is entitled to a trial on the merits of plaintiff's claim in order to establish that the preliminary injunction was wrongfully issued, and that he has a right to have a jury determine damages.

The dissolution of the preliminary injunction before a final judgment on the merits of plaintiff's claim distinguishes this case from the more usual circumstances in which a defendant seeks injunctive damages after a final judgment. *Sykas v. Alvarez*, 126 Vt. 420, 422, 234 A.2d 343, 345 (1967) (appellant's "right, or lack of it, to injunctive relief is usually resolved by the final decree"). Indeed, an enjoined defendant's explicit statutory right to injunctive damages is predicated on a final judgment: "When an injunction *has been dissolved by a final judgment in favor of the enjoined party*, he shall be entitled to recover his actual

damages caused by the wrongful issuing of the injunction." 12 V.S.A. § 4447 (emphasis added).

Here, no such final judgment in favor of the enjoined party exists. Approximately nine months after the preliminary injunction issued, and shortly after defendant filed discovery requests, plaintiff dismissed its underlying claim and moved for voluntary dissolution of the preliminary injunction. Defendant did not oppose the motion, and the preliminary injunction was dissolved on October 20, 1998. The parties offer conflicting perspectives as to the legal consequences of the voluntary dissolution of the preliminary injunction. Defendant strenuously asserts that he is entitled to compel plaintiff to prove at trial "the existence of facts which, as a matter of law, entitled [plaintiff] to a judgment order of the court enjoining defendant . . . ." Plaintiff argues that defendant has "waived" any right to assert a claim for injunction damages by failing to object to the dissolution of the preliminary injunction.[2]

■ On appeal, defendant recognizes that while some courts have held that the voluntary dismissal of an injunction operates as a final judgment, automatically rendering plaintiff liable for injunction damages, see *Wainwright Securities Inc. v. Wall St. Transcript Corp.*, 80 F.R.D. 103, 107 (S.D.N.Y. 1978); *Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212, 243 (8th Cir. 1970), we have held that the "interlocutory dissolution of an injunction is not, per se, an adjudication that the injunction issued wrongfully." *Sykas*, 126 Vt. at 422, 234 A.2d at 345; see also *LaSalle Capital Group, Inc. v. Alexander Doll Co.*, No. 95C1640, 1995 WL 584429, at *3-4 (N.D. Ill. Oct. 2, 1995) (holding that determinations should be made on a case-by-case basis).

■ Defendant's inability to seek recourse through the statute because he lacks a final judgment in his favor does not end our inquiry however, because "the power to assess injunction damages is inherent in the court, independent of the statute." *Spaulding & Kimball Co. v.*

---

[2] We do not agree that defendant's perceived failure to expedite a final merits hearing, nor defendant's failure to oppose plaintiff's motion to dissolve the preliminary injunction, can be reasonably characterized as a bar to asserting a claim for injunction damages. It would be anomalous to require a defendant to oppose the dissolution of an injunction defendant believed to be wrongfully issued in the first instance. Moreover, defendant filed a motion for injunction damages within one week of plaintiff's voluntary dismissal. See *Sykas*, 126 Vt. at 423, 234 A.2d at 345 (After the plaintiff discontinued his action, defendant "immediately brought a motion for a hearing on injunction damages. This he had a right to do, because the plaintiff could not foreclose consideration of that issue by a discontinuance.").

*Aetna Chemical Co.*, 98 Vt. 169, 172, 126 A. 588, 589 (1924). In order to prevail in equity, defendant bears the burden of establishing that the injunction was wrongfully issued in the first instance. *Sykas*, 126 Vt. at 421, 234 A.2d at 344 (deciding that the defendant was not entitled to damages after dissolution of an injunction without a final judgment where the trial court was "unable to find that plaintiff was not equitably entitled to a temporary injunction *at the time the injunction was granted*") (emphasis added). Thus, in order to obtain an assessment of wrongful injunction damages, the enjoined party must show both that the injunction was wrongfully issued, "and that the party seeking recovery . . . suffered damages resulting from the wrongful issu[ance]." *LaSalle*, 1995 WL 584429, at *3. A determination that the defendant has not met this burden can be overcome in this Court only if an opposite result is required as a matter of law. *Sykas*, 126 Vt. at 422, 234 A.2d at 345.

In this case, after defendant filed a motion for a hearing to determine his entitlement to injunction damages, the trial court required defendant to fulfill the requirements set forth above: to specify the grounds for damages and claims that the injunction had been wrongfully issued. Although expressing skepticism that the results of a hearing on injunctive damages would be different than the results of the preliminary injunction hearing, the trial court did not foreclose defendant from specifying evidence and argument to support his claim for injunctive damages. The court subsequently denied defendant's motion because he failed to proffer new evidence, and merely "repackage[d] the same . . . arguments which were unsuccessful before the preliminary injunction judge."

On appeal, defendant claims that, as a matter of law, he is entitled to a merits hearing. However, in *Sykas*, we held that in the absence of a final decree, the determination regarding whether an injunction was wrongfully issued should not be made in a merits hearing on the underlying suit, but rather during an assessment of injunction damages. *Sykas*, 126 Vt. at 422, 234 A.2d at 345. Thus, we construe defendant's initial "motion for injunction damages" filed below, his appeal of the trial court's denial of the motion and his claims on appeal for a hearing on the merits, to fall squarely within the ambit of *Sykas*, where we stated:

> the determination as to whether the injunction was wrong-
> fully issued is initially for the chancellor, as part of his role in
> assessing injunction damages, where the propriety of the in-

junctive relief has not been settled by a final decree. . . . *The burden is on the defendant to establish his right to damages.*

*Id.* (emphasis added).

The trial court based its decision denying defendant's motion for injunction damages on the fact that defendant "proffered no different evidence than was presented at the original hearing." The court noted that, despite its request that defendant "specify [his] grounds for damages," he set forth the same legal argument that was made at the preliminary injunction hearing, and "ha[d] shown no new evidence, as might have been unearthed by some depositions." We review the court's decision to deny defendant's motion for a hearing on his entitlement to injunction damages under an abuse of discretion standard. See *Sykas*, 126 Vt. at 422, 234 A.2d at 345.

Our review of defendant's submissions to the trial court supports the court's determination. Defendant's submissions did not articulate with any specificity the contours of his damages, nor proffer any new evidence with respect to his claims. Absent the statutory right to injunction damages that arises when an injunction has been dissolved by a final judgment in favor of the enjoined party, a defendant's right to injunction damages is predicated on a determination by the court that the injunction was wrongfully issued. It is the defendant's burden to establish his right to damages.

We cannot say on the basis of this record that the trial court abused its discretion in deciding that defendant failed to establish his right to injunction damages.[3] *Sykas* 126 Vt. at 422, 234 A.2d at 345 (determination on this issue may be reversed by this Court "only if an opposite result is required as matter of law"). Defendant is not entitled, as matter of law, to a trial on the merits of plaintiff's claim in order to establish that the preliminary injunction was wrongfully issued.

*Affirmed.*

---

[3] In view of our determination that the trial court did not err in concluding that defendant has not established a right to injunction damages, it is unnecessary to reach defendant's claim that he is entitled to a jury trial on such damages.